## BERWALD et al. v. HAMILTON–BROWN SHOE CO. (No. 3763.)

Court of Civil Appeals of Texas. Texarkana. Nov. 28, 1929.

Rehearing Denied Dec. 12, 1929.

Carter & Berwald and Lee G. Carter, all of Dallas, for appellants.

Thomas, Storey & Grady and Fred J. Dudley, all of Dallas, for appellee.

HODGES, J. On August 20, 1924, the Hamilton-Brown Shoe Company, a foreign corporation, filed this suit against the appellants, Julius Berwald, Ben L. Berwald, and Max Hermer, upon an open account for the sum of $1,494.81 for merchandise sold to them dur-

ing the years 1923 and 1924. It was alleged that the defendants, at the time the goods were sold, were partners doing business under the name of the Ben L. Berwald Shoe Company, and that the goods described in the verified account were sold by the plaintiff to the defendants as partners. On April 30, 1927, the plaintiff filed an amended original petition, in which it repeated the averments of the original petition. It also contained an alternative count, alleging, in substance, as follows:

The defendants had filed with the secretary of state a charter for the incorporation of the Ben L. Berwald Shoe Company, with a capital stock of $10,000, in which it was represented that all of the capital stock had been subscribed and paid in cash, when as a matter of fact none of it had been paid. A false affidavit had been made by one of the defendants, stating that the capital stock had been paid, in order to secure the filing of the charter. After the charter was filed, the defendants, who were named an officers and directors of the corporation, made a statement of the financial condition of the corporation, in which they falsely represented that all of the capital stock had been paid in full, and that the net assets of the corporation exceeded its liabilities. Upon the faith of that report the plaintiff was induced to sell the defendants the goods, wares, and merchandise described in the account sued on. A judgment was sought against the defendants personally and as copartners, on the ground that they had fraudulently used a fictitious corporation for the purpose of conducting their business, and in order to secure credit had falsely represented the corporation to be solvent.

The pleadings of the plaintiff plainly present two distinct causes of action. The first was a suit against the defendants as copartners upon a contract to pay for merchandise sold and delivered to them as partners. The second, which appeared for the first time in the amended petition, is based upon a tort committed by the defendants in the operation of an insolvent corporation. In order to avoid the bar of limitation against the new cause of action set up in the amendment, the plaintiff alleged that the filing of its amended petition had been prevented by an injunction sued out by the defendants shortly after the original petition had been filed. That portion of the amended petition will hereafter be more fully stated. While the petition contained other averments, the foregoing are sufficient, in view of the disposition made of the case. The parties will be referred to as plaintiff and defendants, as they appeared in the trial court.

The defendants filed an amended answer, denying under oath the copartnership alleged, and in addition to a general and special exceptions, and a general denial, pleaded limitation against the new cause of action set up in the amended original petition. The case was tried before the court without a jury, and a judgment rendered against the defendants, jointly and severally, for the amount sued for. One of the defenses relied on in the trial, and urged in this appeal, is that the merchandise described in the account sued on was sold to the Ben L. Berwald Shoe Company, which at the time was a corporation.

In reply to that plaintiff alleges that the corporation had never been legally organized, and for that reason had no valid existence. The proof showed, and the court so found, that the charter of the Ben L. Berwald Shoe Company was filed with the secretary of state on September 22, 1922, by Julius Berwald, Ben L. Berwald, and Max Hermer, the defendants in this suit. The charter recited that the capital stock of $10,000 had been paid in full in cash. The court also found that this recitation was untrue. Ben L. Berwald, one of the defendants, gave his unsecured note for $6,000 in payment of his subscription. It was understood between the incorporators that this note should be paid by Ben L. Berwald in the course of business from his profits. After its organization the corporation issued statements to the commercial agencies, representing that its capital stock of $10,000 had been fully paid, and showing assets above its liabilities. The court found that after its organization the Ben L. Berwald Shoe Company held only one directors' meeting and one stockholders' meeting, which occurred immediately after the incorporation; that Ben L. Berwald was made the secretary and treasurer and general manager, at a salary of $4,800 per year, and Julius Berwald was made president, at a salary of $1,500 per year. The court made other findings, which it is not necessary to here consider. His judgment was based upon the conclusion that the corporation was fictitious, had been fraudulently organized, and had no legal existence.

The first question to be considered is: Does the evidence support a judgment based upon the first count appearing in the plaintiff's amended original petition? In that count the plaintiff alleged a contract of sale made directly with the defendants as copartners. The proof shows that the sales were made to the corporation in which the defendants were only shareholders and officers. In the plaintiff's original petition no attack was made on the validity of the organization of the corporation, and no facts were stated which, if true, would authorize a personal judgment against the shareholders and officers for goods sold to the corporation. The proof shows that the Ben L. Berwald Shoe Company was at least a de facto corporation at the time the goods were purchased. That being true, the pleadings were not sufficient to support a judgment against the shareholders upon the ground of fraud in the organization and operation of the corporation. Am.

Salt Co. v. Heidenheimer, 80 Tex. 344, 15 S. W. 1038, 26 Am. St. Rep. 743; Cook on Stocks and Stockholders, p. 310, § 234.

We come, then, to the consideration of the second count, which appeared for the first time in the amended original petition. The record shows that it was upon this count that the court below based his judgment. The question there presented is: Was the action on that count barred by the statute of limitation? The amended petition was not filed until more than two years after the accrual of the plaintiff's cause of action, and it is conceded that a recovery on that which was added by the amendment is barred, unless the facts which will now be stated are sufficient to suspend the operation of the statute for the period shown. In anticipation of the plea of limitation, and in avoidance of such a defense, the plaintiff in its amended petition alleged the following facts:

"Plaintiff would further show to the court that heretofore, to wit, on the ——— day of ———; A. D. 19—, the said Ben L. Berwald Shoe Company filed a voluntary petition in bankruptcy; that said corporation was duly adjudged as a Bankrupt; that, while said bankruptcy proceeding was pending, the defendants herein did, on the 26th day of August, 1924, file a petition in the federal court for the Northern district of Texas, praying that plaintiff and its attorneys be restrained from prosecuting its suit, which had been filed in the state court, being this cause, against these defendants, attaching to their petition a certified copy of plaintiff's petition in this cause, personally served notice on the attorneys for this plaintiff of the pendency of this application, and immediately after the filing of said application, this plaintiff would allege that the proceedings in the state court were passed by agreement, pending the final determination of the bankruptcy proceedings; that said bankruptcy proceedings were finally closed by an order of the Honorable Wm. H. Atwell, judge of the District Court of the Northern District of Texas, on or about the ——— day of ———, A. D. 192—."

The proof showed that in August, 1924, the Ben L. Berwald Shoe Company filed in the United States District Court for the Northern District of Texas a voluntary petition in bankruptcy, and was in due course of time adjudged a bankrupt. On August 26, 1924, during the pendency of those bankruptcy proceedings, one of the appellants, Julius Berwald, made an offer to pay 55 cents on the dollar to the creditors of the Ben L. Berwald Shoe Company in settlement of the latter's debt, subject, however, to this condition: "This offer is made with the understanding and for the express consideration that each and every unsecured creditor of said bankrupt will release the said bankrupt and all its officers and directors, and each and every one of them, from any and all liability of every character and description growing out of or incident to or connected with the operation of said Ben L. Berwald Shoe Company prior to its adjudication in bankruptcy." That offer was acceptable to most of the creditors, but was declined by the plaintiff and two other creditors. The referee, however, approved the offer, and his approval was sustained on appeal by the District Judge. In approving that offer the referee and the District Judge held that it was binding as a settlement on all of the creditors. A controversy then arose between the plaintiff and other dissenting creditors and those creditors who were willing to accept the offer. This controversy resulted in an appeal prosecuted to the United States Circuit Court of Appeals, where it was held that the referee had no authority to compel dissenting creditors to accept a settlement upon the terms and conditions named in the offer of Julius Berwald. 10 F.(2d) 275. On August 26, 1924, after that controversy arose, a petition was filed in the federal court by the Ben L. Berwald Shoe Company and those creditors assenting to the offer of Julius Berwald to restrain prosecution of this suit and other suits by the plaintiff, Tweedie Footwear Corporation, and the Allen A. Company. The prayer of the petition was as follows:

"Premises considered, your petitioners pray that on presentation of this bill this honorable court issue restraining orders against the Allen A. Company, a corporation, Hamilton-Brown Shoe Company, a corporation, the Tweedie Footwear Corporation, and their attorneys of record, Messrs. Burgess, Owsley, Storey & Stewart, and their agents and attorneys in general, from further prosecuting the suits named, styled and numbered as herein described, and also restraining W. M. Combes, judge of the county court of Dallas county at law, number 1, Dallas county, Texas, from further proceeding or taking any action whatsoever in cause No. 39071–A on the docket of said court and entitled 'The Allen A. Company v. Julius Berwald et al.,' and restraining Judge Kenneth Foree, judge of the Fourteenth judicial district court of Dallas county, Texas, from further proceeding or taking any action whatsoever in cause number 53179–A, entitled 'Tweedie Footwear Corporation v. Julius Berwald et al.,' and restraining Judge Louis Wilson, judge of the Forty-Fourth district court of Dallas, Dallas county, Texas, from further proceeding or taking any action whatsoever in cause No. 53176–B, entitled 'Hamilton-Brown Shoe Company v. Julius Berwald et al.,' until further orders of this court. And petitioners further pray for such other and further relief, general and special, as to the court may seem just and proper."

Just when that litigation terminated, or the bankruptcy proceedings ended, is not clearly disclosed by the record. The opinion of the United States Circuit Court of Appeals was filed on December 22, 1925. That

may or may not have been the end of the controversy and the expiration of the injunction, if any had been issued. If the period during which it is claimed an injunction was in force be deducted from the time intervening between the accrual of the plaintiff's cause of action and the filing of the amended original petition, then the new cause of action set up in the amendment is not barred.

■ In his conclusions of fact the court found that a writ of injunction had been issued in accordance with the prayer of the application. The defendants assign as error the insufficiency of the evidence to support that finding. It will be observed that, in its pleading setting up the restrictions which prevented the filing of an amendment earlier in the proceedings, the plaintiff does not allege that any writ had been issued, or that any restraining order had been entered by the federal court. Nor does the statement of facts contain any such writ or restraining order. In that state of the record we cannot presume that any injunction was granted, or that the plaintiff was in any way hindered from amending its pleadings.

■■ The writer is of the opinion that, even if a restraining writ, as broad as the prayer of the application, had been issued, it would not have prevented the plaintiff from filing the amendment to his petition. Taub v. Woodruff, 63 Tex. Civ. App. 437, 134 S. W. 750. The filing of an amendment to its petition during vacation, or the taking of testimony preparatory to trial, or the doing of any act necessary to be done by the plaintiffs, merely to preserve its existing rights and prevent their loss by lapse of time, would not have altered the status of the case. Plaintiff might have filed an independent suit for the tort, either in the same or in another court. None of the steps mentioned would have violated the injunction, if one had been issued in the terms of the application. The sole purpose of the injunctive proceeding was to stay the prosecution and prevent the rendition of a judgment against the defendants until the other branch of the controversy was disposed of, and that purpose should be kept in mind in determining the extent of the restriction implied in the granting of the relief sought by the injunction. Merely filing an amended pleading setting up a new and distinct cause of action could not in the least operate as an advancement of the case toward a trial, or infringe upon the jurisdiction of the federal court. The record shows that, after that application for an injunction was filed, an agreement was entered into by the parties to pass the case without prejudice to any of the parties to the suit. That was nothing more than an agreement not to press for a trial until after the other controversy had been settled. It could not be construed as binding the plaintiff not to file an amended pleading, especially when such an amendment was essential to the preservation of an existing demand.

Since we conclude that the evidence was insufficient to sustain the court's finding that an injunction had been issued restraining any further proceedings in the case, it is unnecessary to discuss other questions relating to the liability of the defendants under the facts alleged in the second count of the amended petition. Limitation, if applicable, would be a complete bar to any recovery on that count, regardless of the merits of the case.

For the reasons stated, the judgment of the trial court will be reversed, and the cause remanded for another trial.