## HAMILTON–BROWN SHOE CO. v. BERWALD et al.
### No. 11343.

Court of Civil Appeals of Texas. Dallas.

Oct. 28, 1933.

See, also, 22 S.W.(2d) 760.

Fred J. Dudley and Robert G. Storey, both of Dallas, for appellant.

Elihu E. Berwald, of Dallas, for appellees.

JONES, Chief Justice.

This is a suit by Hamilton-Brown Shoe Company, appellant, against appellees, Julius Berwald, Ben L. Berwald, and Max Hermer, to recover on a verified account a balance of $1,494.79, for merchandise alleged to have been purchased by appellees. From an adverse judgment appellant has duly perfected an appeal. The following are the facts:

The original petition was filed August 20, 1924, and stated a cause of action against appellees, alleging that they were doing business as a copartnership under the name of Ben L. Berwald Shoe Company, for a balance due appellant, in the sum of $1,494.79, on purchases of goods from appellant, as shown by the itemized verified account, attached as an exhibit to the petition. The exhibit, when taken in connection with the petition, shows that the first item of purchase was on September 6, 1923, and then shows various items of purchase on different dates, down to and including April 4, 1924, the date of the last item purchased. An amended petition was filed April 30, 1927, in which the cause of action, as pleaded in the original petition, is alleged in a first count. In another count in the petition, appellant pleads in the alternative, alleging that the members of the copartnership had filed a charter of the corporation, styled Ben L. Berwald Shoe Company, with representations, under oath, that the capital stock of said corporation, amounting to $10,000, had been fully subscribed and paid in cash, and that the charter was duly approved and filed by the secretary of state; that the capital stock of said corporation was never in fact paid in cash, but only a part so paid, a part in notes and accounts, and the balance being in questionable accounts and merchandise; that, by reason of this false representation, the organization of the corporation was fraudulent and fictitious; that false financial statements were made through commercial reporting agencies in respect to the financial standing of the corporation, and alleged improper and fraudulent conduct of the corporation in respect to its business and the insolvency of the corporation when the purchases were made. It was not alleged, however, that the goods were sold to the corporation, but, on the contrary, that the goods

were sold to the copartnership, on the theory that, because of the alleged fraud, the corporation never was brought into existence. The partnership that had theretofore existed had been succeeded by the corporation, if it existed, prior to the sale of these goods.

To the first count in the petition, seeking a recovery against the members of the copartnership, appellee entered a general denial. In answer to appellant's cause of action, alleged in its alternative plea, among other defensive matters, appellees pleaded the two-year statute of limitation (Vernon's Ann. Civ. St. art. 5526), on the theory that such pleading alleged a new and different cause of action from that alleged in the original petition. Appellant, by a proper plea, sought to avoid the statute of limitation by alleging, in effect, that the corporation had been adjudged a bankrupt after the filing of the original petition in the state court; that an application was made to the United States Judge of the Northern District of Texas, in whose court the bankruptcy proceedings were had, for an injunction to restrain appellant from the prosecution of such cause of action; that, in addition to such application, counsel for appellee and counsel for appellant entered into an agreement to pass the case, without prejudice to any of the parties to the suit, for which reason the amended petition was not filed at an earlier date. The record shows that no writ of injunction was issued by the federal court.

This is the second appeal of this case. In the former appeal, it appears that appellant had recovered judgment in the lower court for the amount alleged, and this judgment was reversed and the cause remanded. The legal effect of the agreement, in respect to appellees' plea of limitation, was construed by the Texarkana court in the former appeal. See Berwald et al. v. Hamilton-Brown Shoe Company (Tex. Civ. App.) 22 S.W.(2d) 760. It was held that the cause of action alleged in the alternative plea of appellant was a new and distinct cause of action from the one alleged in the original petition, that the agreement had distinct reference to the cause of action then alleged, and did not prevent appellant from preserving its rights as to the new cause of action by filing an amended petition; and that such cause of action was defeated by appellee's plea of limitation.

While appellee offered other testimony more in detail in reference to this agreement, and has assigned error on the court's refusal to admit such evidence, we are inclined to the opinion that such evidence, if admitted, would not have changed the status of this agreement, as construed by the former appeal. Unquestionably, a new cause of action was alleged in the amended petition, by the allegations in the alternative plea of appellant.

The agreement could only have referred to the cause of action alleged by appellant in its original petition, and could not have referred to an entirely separate and different cause of action based on a tort, and not based on a contract, as alleged in the original suit. We are of the opinion that the court did not err in excluding the proffered testimony. If error was committed on the ruling, it was harmless, because it could not have affected the judgment rendered.

The former appeal held that the cause of action alleged in the alternative plea was barred by the statute of limitation, and that decision is controlling in this case. Appellant offered evidence only on the new cause of action alleged in the second count of its amended petition. We refer to the report of that case for a fuller statement of the pleadings. The pleading of appellant was not amended subsequent to the reversal of the case, and the instant case was tried on this same petition.

As the undisputed evidence disclosed that the cause of action on which appellant sought recovery was barred by the two-year statute of limitation, we are of the opinion that the court rendered the proper judgment, and that it must be affirmed.

Affirmed.