### NATIONAL TRANSFER & RIGGING CO. Inc. v. CLARK.
### No. 12399.

Court of Civil Appeals of Texas. Galveston.
May 1, 1952.

Rehearing Denied June 12, 1952.

·Berry, Richards & Baker, T. E. Richards, Jr., of Houston, for appellant.

Lewis Dickson, Bennett Lay, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $2,328.96—judgment of the 113th District Court of Harris County, Texas, in favor of the appellee, and against the appellant, entered in response to a jury's verdict on special issues submitted by the court to it, as for damage done to the appellee's 18″ LeBlond lathe, by the negligence of an employee of appellant, in removing one of the skids from beneath it, causing it to fall.

To make plain the holding to follow, it is deemed helpful at this stage to copy from the appellee's brief this much of the nature and result of the suit below, which, upon examination of the record, is deemed to be substantially correct:

"Appellee (Plaintiff below) filed suit on April 18, 1949, against National Transfer Company, as a corporation, for damages sustained on September 25, 1948, to appellee's lathe. Citation on such petition was issued on April 19, 1949, against 'National Transfer Company, a corporation, doing business under the laws of the State of Texas, with offices at 2312 Congress Street, where service may be had upon A. Freedman, its President.' * * * The Sheriff's Return on such citation shows it to have been served 'by summoning the National Transfer Company, a corporation, by delivering to A. Freedman in person, President of the said National Transfer Company, a true copy of this writ, etc.' * * *.

"On May 16, 1949, the Appellant, through its attorneys, Berry & Richards, timely filed an answer to Appellee's original Petition, averring in such answer 'Now comes, National Transfer Company, a Texas Corporation, Defendant in the above styled and numbered cause, etc.' * * * It is undisputed that Berry and Richards, attorneys for Appellant prior to the filing of suit, advised Mr. Lewis Dickson, attorney for Appellee, that National Transfer Company was a corporation, with A. Freedman as President. * * At no time did Appellant file a plea-in-abatement, raising the issue of misnomer. On April 11, 1950, Appellant, still representing itself to be 'National Transfer Company, a Texas Corporation', filed through its attorneys, Berry, Richards and Baker, its First Amended Original Answer in this cause, * * and on said date and in such name and

status likewise filed a cross-action against a third party. On October 5, 1950, Appellee filed its First Amended Original Petition, complaining of National Transfer & Rigging Company, a corporation, with A. Freedman as President * * *, and delivered a copy thereof to Berry, Richards and Baker. In such amended petition, Appellee alleged that National Transfer & Rigging Company, a Texas corporation, was the successor to National Transfer Company, and had 'assumed all of the business, accounts, operations, powers, rights, assets, and liabilities, of the said National Transfer Company' * * *; further alleging that when Appellee filed his original petition on the 18th day of April, 1949, 'the name of the corporation intended to be sued was National Transfer & Rigging Company' * * *. On October 23, 1950, National Transfer & Rigging Company, through its attorneys, Berry, Richards and Baker, filed an answer and cross-complaint to such amended petition * * *.

"The application for the charter of National Transfer & Rigging Company, which is in evidence as Plaintiff's exhibit No. 1, * * * is dated October 27, 1948, and shows in the corporation a total capital stock of $18,000.00, the amount of $17,800.00 of such total is shown to have been paid by 'transferring all assets, liabilities and properties of the going concern known as National Transfer Company', * *.

"Upon the trial, the jury found, in response to the special issues, that Appellee's lathe had been damaged on September 25, 1948, as the result of the negligence of Appellant in the amount of $2,328.96, and further found in response to special issues 9 and 10, * * that, on or about October 27, 1948, National Transfer & Rigging Company, Inc., assumed the assets and all liabilities of the proprietorship."

On the appeal, Appellant attacks such judgment under some 16 points of error, which it briefs under four groups.

The boiled-down substance of these, together with the listed authorities cited therefor, were as follows:

"* * *, Appellant's position is, first, that a misnomer did not occur in this case, and, therefore, Appellee's cause of action against National Transfer & Rigging Company, Inc. is barred by the two years Statute of Limitation, Vernon's Texas Civil Statutes 1948, Art. 5526, as the cause of action for damages (an unliquidated demand), if any, arose September 25, 1948, and Appellee did not sue National Transfer & Rigging Company, Inc. until he filed his First Amended Original Petition on October 5, 1950, and even then he did not make any effort towards securing process on Appellant, * * *, second, assuming a misnomer did occur, * * * then we still say National Transfer & Rigging Company, Inc. was not a party to the suit until Appellant waived service of citation and entered its appearance on October 23, 1950, in answer to the First Amended Original Petition of Appellee filed on October 5, 1950 and, therefore Appellee's cause of action, if any, against this Appellant is barred by the two years Statute of Limitation. Further, Appellee never lost his cause of action against Aaron Freedman, doing business as National Transfer Company, if any he ever had, and the record establishes the said Aaron Freedman has not been insolvent at anytime material to this law suit so the transfer of assets to National Transfer & Rigging Company, Inc. did not deprive Appellee of any rights whatsoever.

"The authorities cited above clearly establish that the facts in this case do not present a misnomer and that there could not have been a misnomer under such facts. The pleadings of Appellee and his own testimony, as well as that of his counsel, determine * * * that a misnomer never occurred.

"These authorities * * * explain the misnomer rule and show how and why such rule does not apply to a case

such as this. In other words, they distinguish between a misnomer rule which covers a mistake in the name of the party intended to be sued and the rule applicable when a mistake is made in the identity of the entity sued."

"J. S. Abercrombie Company v. Hagen, Tex.Civ.App., 238 S.W.2d 239; Abrams v. General Financial Corporation, 274 App.Div. 756, 79 N.Y.S.2d 368; American Indemnity Company v. Ernst & Ernst, Tex.Civ.App., 106 S.W.2d 763; Article 5526, Vernon's Texas Civil Statutes 1948; Bogart v. George K. Porter Co., 193 Cal. 197, 223 P. 959; Bickford v. Refugio Land & Irrigation Company, Tex.Civ.App., 143 S.W. 1188; Gillette Motor Transport Co. v. Whitfield, Tex.Civ.App., 160 S.W.2d 290; Hamilton-Brown Shoe Co. v. Berwald, Tex.Civ.App., 65 S.W.2d 377; Hallaway v. Thompson, Trustee, 148 Tex. 471, 226 S.W.2d 816; Horton Mfg. Co. v. Hardy Light Company, Tex.Civ.App., 294 S.W. 320; Hunt v. Employers, etc., Tex.Civ.App., 219 S.W.2d 483; Knox v. Laird, 92 Ga. 123, 17 S.E. 988; Lingar v. Harlan Fuel Co., 298 Ky. 216, 182 S.W.2d 657; McGee v. Ferguson, etc., Tex.Civ.App., 34 S.W.2d 338; Nueces Hardware & Implement Company v. Jecker, Tex. Civ.App., 56 S.W.2d 474; O'Neil v. American Radiator Co., D.C., 43 F. Supp. 543; Stillwell v. City of Fort Worth, 140 Tex. 560, 169 S.W.2d 486; 28 T.J. 202; West v. Johnson, Tex. Civ.App., 129 S.W.2d 811; Wooster v. Hoecker, Tex.Civ.App., 195 S.W. 332."

In the state of the record, as in part quoted with approval from the appellee's brief, supra, it is held that none of appellant's contentions should be sustained. As is apparent from the positions of both sides thereon and the record itself, the one controlling question-of-law upon the appeal is, simply stated, whether or not, in so filing his original suit against the corporation, the appellee, in legal effect, sued the entity intended to be sued; if he did, the particular manner of the filing gave rise to such a misnomer as was, in the circumstances ensuing, subject to clarification and correction by the subsequent proceedings had, under these, among many other cases that might be cited: Adams v. Consolidated Underwriters, 133 Tex. 26, 124 S.W.2d 840; Arcola Sugar Mills Co. v. Doherty, Tex. Civ.App., 254 S.W. 650, Writ of Error Refused; Southern Pacific Company v. Graham, 12 Tex.Civ.App. 565, 34 S.W. 135; 11 Tex.Jur., at p. 42 & 78; 28 Tex.Jur., p. 202; English Freight Co. v. Knox, Tex.Civ. App., 180 S.W.2d 633, Error Refused; 10 Tex.Jur., p. 1018; no question of limitation was here involved.

The facts so found to have existed here do not bring this cause under such holdings as that by this Court in the cited J. S. Abercrombie v. Hagen case, but rather confine it to the class of causes reflected by this Court's prior holding in the Arcola Sugar Mills Co. v. Doherty case, likewise already cited.

In other words, this Court held that only a misnomer had occurred in that earlier cause, hence the Sugar Mills Company had been bound by the judgment rendered, whereas this appellee, as stated, primarily sued the party he sought to hold; it promptly answered, representing itself to be a corporation, but failing to raise by a plea-in-abatement, or otherwise, any claim of a misnomer, hence it would seem to have waived such a defense, and to have become a real party to the suit for all purposes, from its institution.

Moreover, since it undisputedly appears that the date of such original filing of the suit was only some six months after the occurrence of the mishap causing the damages the appellee sued for, there clearly was no issue of two years limitation raised in the cause.

It is deemed unnecessary to discuss the other questions argued in the briefs, since the holding on the question of limitation determines the merits of the appeal.

The judgment will be affirmed.

Affirmed.