**NATIONAL HOMES CORPORATION et al., Appellants,**

**v.**

**Lawrence CHAMPION, d/b/a Champion Mortgage Company, et al., Appellees.**

**No. 145.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 2, 1968.

Rehearing Denied Nov. 6, 1968.

Wendell S. Loomis, Joseph O. Humphreys, Houston, for appellants.

Bob Heath, Houston, for appellees.

BARRON, Justice.

This suit was filed by National Homes Corporation to recover a balance due of $4,989.06 on a sworn account for the sale and delivery to Linton Building Company, a corporation, of certain prefabricated family dwelling units. The homes were constructed and placed upon lots near Clear Lake City, Harris County, Texas, and were denominated Utilities District Homes. Suit was filed by plaintiff against Lloyd R. Blume, Lowell R. Blume, Linton Building Company, a corporation, and Champion Mortgage Company, a corporation.

On September 1, 1961, Lloyd R. Blume and Lowell R. Blume, doing business as Linton Building Company, a partnership, entered into a dealership contract with National Homes Corporation, called a Dealer's Sales Agreement, under which certain purchases were to be made by the Blumes, and under which contract they purported to sell certain prefabricated houses in the Houston area. During the month of June, 1962, Linton Building Company, a partnership, was succeeded by Linton Building Company, a corporation, and the business from that time forward has been operated as a corporation.

Some time in the fall of 1962, defendants Linton Building Company, a corporation, entered into a contract with Dell Webb Corporation or Friendswood Corporation for the construction of several houses to be fabricated by National Homes Corporation. The undisputed facts show that National Homes Corporation dealt with the successor corporation, Linton Building Co., Inc., in connection with the purchase of said prefabricated houses. The Dell Webb Corporation contract not being assignable, an agreement was worked out with Dell Webb Corporation, Linton Building Company, National Homes Corporation and Champion Mortgage Company for credit to be extended to Linton Building Company, a corporation, and in response thereto Lawrence R. Champion gave his letter to National Homes promising to pay for the houses in full at the time of second inspection. The letter was dated December 17, 1962.

In its trial pleadings and by way of answer, Champion Mortgage Company denied under oath that it was a corporation as sued and claimed that it was a business owned by Lawrence R. Champion, doing business as Champion Mortgage Company. Later a pleading denominated "Verified Answer of Denial" was filed by Champion, by which the oath was extended to include the denial of the justness and correctness of the account sued upon by plaintiff. The latter pleading did not supersede the first.

Trial was to a jury. The trial court submitted three special issues to the jury inquiring whether the Blumes, doing business as Linton Building Company, had given notice to National Homes of their existence and their proposed operating in Linton Building Co., Inc.; alternatively, whether National Homes released the Blumes from liability to it for the account in question, and the amount of the attorney's fees. The jury answered that no notice was given; pursuant to instructions the jury did not answer the second issue; and it found that $2,000.00 was a reasonable attorney's fee. Based upon the evidence, the trial court granted Champion's motion for instructed verdict, and rendered judgment in favor of National Homes Corporation against Lloyd R. Blume, Lowell R. Blume and Linton Building Company, a corporation, jointly and severally for $4,989.06, and attorney's fees.

Appeal has been timely perfected by National Homes Corporation, appellant,

against Champion Mortgage Company, appellee, and by Lloyd R. Blume and Lowell R. Blume, appellants, against National Homes Corporation, appellee.

■ National Homes Corporation contends that the trial court erred in granting Champion's motion for instructed verdict and erred in overruling its motion for judgment, because the written letter of December 17, 1962 binds Champion Mortgage Company to pay for the houses involved, and that Champion Mortgage Company is bound as a guarantor. We overrule this contention and hold that Lawrence R. Champion, doing business as Champion Mortgage Company, was not in the case, was not made a party to this suit, and was not served with citation to appear and answer as Lawrence R. Champion, doing business as Champion Mortgage Company. The record shows that Champion Mortgage Company a corporation, by serving citation on Lawrence R. Champion, 4085 Westheimer, Houston, Texas, Harris County, was sued in this case. The suit was filed against Champion Mortgage Company as a corporation, and Champion was served with citation as an officer thereof accordingly. The defendant, Champion Mortgage Company, answered the suit on March 6, 1965, and in its answer denied under oath that it was a corporation and denied that it was a corporation at any time material to this lawsuit. Having by verified answer denied that it was a corporation, it was incumbent upon National Homes Corporation to make proper proof on this question. The record shows that no proof was made concerning the corporate status of Champion Mortgage Company. Rule 93(g), Texas Rules of Civil Procedure, provides that any party alleged in any pleading to be a corporation and who is not incorporated must deny it under oath. The appellee's pleading fully complies with this rule. We hold that Lawrence R. Champion, doing business as Champion Mortgage Company, was never made a party to this proceeding, and the trial court did not err in instructing a verdict. No facts appear which show any liability of an incorporated Champion Mortgage Company if, in fact, any such entity exists. West v. Johnson, 129 S.W.2d 811 (Tex.Civ.App.), writ ref.; Nail v. Witchita Falls & Southern R. Co., 294 S.W.2d 431 (Tex.Civ.App.), no writ. And see Thomas v. Cactus Drilling Corp. of Tex., 405 S.W.2d 214 (Tex.Civ.App.), no writ; Krenek v. Epps Super Market No. 2, Inc., 377 S.W.2d 753 (Tex.Civ.App.), no writ. Cf. National Transfer & Rigging Co. v. Clark, 249 S.W.2d 630 (Tex.Civ.App.), writ ref., n.r.e.

■ Regarding the appeal of Lloyd R. Blume and Lowell R. Blume against National Homes Corporation, appellants assert that the trial court erred in rendering judgment against the Blumes, because the Dealer Sales Agreement executed by the Blumes and their partnership firm, Linton Building Company, on September 1, 1961, was materially altered in that National Homes sold the houses in question to Linton Building Co., Inc., a corporation, in the latter part of 1962. As a general rule it is true that a guarantor is released from his obligations of guaranty when the agreement is altered. Jarecki Mfg. Co. v. Hinds, 295 S.W. 274 (Tex.Civ.App.), error dismd.; 27 Tex.Jur.2d, Sec. 48, p. 313 et seq. But the intent of the parties under the guaranty or contract must control, and we are relegated to the contracts and agreements in evidence to construe the rights of the parties. See Jarecki Mfg. Co. v. Hinds, supra.

The Dealer Sales Agreement of September 1, 1961 between appellants and appellee provides in part as follows:

"2. OTHER ORGANIZATIONS OF THE DEALER—If the Dealer (the Blumes) named above * * * have or acquire any direct or beneficial ownership interest in any other organization which is engaged anywhere (whether individually or as a partnership or corporation) in the sale, construction or financing of National Homes, the provisions of this agreement shall apply to and be binding upon such organization upon accept-

ance by it of delivery of any product of the Company. The Dealer named above agrees to promptly notify the Company of the existance and proposed operations of any such organization. *Until such time as the Company, in its discretion, shall execute a Dealer Sales Agreement with such organization, the Dealer named above shall be primarily responsible and liable to the Company for the failure or refusal of such organization to perform all of the provisions of this agreement* to the same extent as if such organization had executed this agreement covering the territory in which it operates * * *." (Emphasis added).

As a part of the Dealer Sales Agreement, Lloyd R. Blume and Lowell R. Blume executed the following agreement individually:

"To induce National Homes Corporation to enter into the foregoing Dealer Sales Agreement, the undersigned, jointly and severally, have guaranteed and by these presents do guaranty to National Homes Corporation the full and complete performance by Dealer of all of the covenants, agreements, obligations, indemnities and conditions to be performed by it (a) under the terms of said Dealer Sales Agreement, and, without limiting the generality of the foregoing, do hereby guaranty the prompt payment to National Homes Corporation of all sums which may from time to time become due National Homes Corporation from Dealer under the terms of said Dealer Sales Agreement, and (b) under the terms of any agreement hereafter made by Dealer with third parties pertaining to the sale, construction or financing of National Homes."

The record shows that the Blumes were the controlling and majority stockholders of the successor corporation, Linton Building Co., Inc., and directed its affairs. There was never a new Dealer Sales Agreement executed with Linton Building Co., Inc., by National Homes. It cannot be

said that the contract or guaranty was changed without the knowledge and consent of the Blumes, and we believe that judgment was properly rendered by the trial court against Lloyd R. Blume, Lowell R. Blume and Linton Building Co., Inc.

We have examined each contention made by appellants, and we find no reversible error.

The judgment of the trial court is affirmed.