UNITED STATES FIDELITY & GUARANTY CO., and First Bank & Trust Company of Richardson, Texas, Appellant,

v.

Ernest Duane SMITH, Jr., Appellee.

No. 4708.

Court of Civil Appeals of Texas, Eastland.

July 26, 1974.

Rehearing Denied Aug. 16, 1974.

William F. Billings, Johnson, Guthrie & Billings, D. Ronald Reneker, Geary, Brice, Barron & Stahl, Dallas, for appellant.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

RALEIGH BROWN, Justice.

United States Fidelity & Guaranty Company and First Bank and Trust Company of Richardson, Texas, sued for foreclosure of a lien against real property located in Dallas County of Ernest Duane Smith, Jr. for taxes owed by Daniel B. Smith d/b/a Forest-Dallas Oil Company. USF&G, as the surety on the motor fuel distributor and special fuels supplier bonds of Daniel B. Smith, made payment to the State of Texas for unpaid taxes owed by Daniel B. Smith and received an assignment from the State of its rights against Daniel B. Smith. Part of the claim was assigned by USF&G to First Bank and Trust Company.

Ernest Duane Smith, Jr., did not at any time owe the taxes. USF&G and the Bank contend they were entitled by assignment and/or subrogation to the State's statutory tax lien as provided by Articles 1.07, 9.08 and 10.17, Title 122A, Taxation-General, Vernon's Ann.Civ.St., on the property of Ernest Duane Smith, Jr., which was used in the business of Daniel B. Smith. Ernest Duane Smith, Jr. and Daniel B. Smith were not related. All parties filed motions for summary judgment. The motion of Ernest Duane Smith, Jr. was granted; USF&G's and the Bank's motion was denied; USF&G and the Bank appeal.

In their only point of error the contention is made:

"THE TRIAL COURT ERRED IN HOLDING THAT UNITED STATES FIDELITY AND GUARANTY COMPANY HAD NO VALID LIEN UNDER ARTICLES 1.07, 9.08 and 10.17 OF TITLE 122A, TAXATION-GENERAL, VERNON'S ANNOTATED CIVIL STATUTES, AGAINST APPELLEE'S REAL PROPERTY USED BY THE DEFAULTING TAXPAYER, AFTER IT PAID THE DELINQUENT FUEL TAXES, RECEIVED AN ASSIGNMENT OF ALL RIGHTS OF THE STATE OF TEXAS, AND FILED NOTICE OF ITS CLAIM IN DALLAS COUNTY WHERE THE REAL PROPERTY WAS LOCATED."

During the time relevant to the case at bar, Article 1.07(1), Title 122A, V.A.C.S., provided:

"All taxes, fines, penalties and interest due by an individual, firm, association, joint stock company, syndicate, copartnership, corporation, agency, trustee or receiver to the State of Texas, by virtue of this Title, shall be a preferred lien, first and prior to any and all other existing liens, contract or statutory, legal or equitable, and regardless of the time such liens originated, subject, however, to the modification hereinafter contained, upon all the property of any individual, firm, association, joint stock com-

pany, syndicate, copartnership, corporation, agency, trustee, or receiver. This lien shall be cumulative, and in addition to the liens for taxes, fines, penalties, and interest now provided by law, and shall attach as of the date such tax or taxes are due and payable. *Provided, however, before the taxes provided for in this law shall become a lien on real estate, notice thereof must be filed in the county where the real estate is located on which the lien is desired as provided in Article 1.07A of this Act.* Such lien shall not be valid or effective as against any mortgagee, holder of a deed of trust, purchaser, pledgee, or judgment creditor acquiring title, lien or other right or interest before such notice has been so filed and recorded." (Emphasis ours.)

and Article 1.07A stated:

"Every county clerk shall, at the expense of the county, provide a suitable well-bound book, to be called 'State Tax Liens,' upon which, on the filing of tax claims under the provisions of this Act, such clerk shall enter the name of such person, firm, corporation, association, joint stock company, syndicate, copartnership, agency, trustee, or receiver against whom the State has assessed such tax to be due, the date of assessment and the amount alleged to be due, noting therein the date and hour of such record. He shall at the same time enter it upon the alphabetical index to such state tax lien, showing the name of each person, firm, corporation, association, joint stock company, syndicate, copartnership, agency, trustee, or receiver liable for such tax and the number of the page of the book upon which the state tax lien is recorded. He shall leave a space at the foot of each such state tax lien for the entry of credits upon and satisfaction of such state tax lien, and shall enter the same when properly shown."

Article 1.07B provided:

*"When any state tax lien has been so recorded, and indexed, it shall, from the date of such record and index, operate as a lien upon all of the real estate of the person, firm, corporation, association, joint stock company, syndicate, copartnership, agency, trustee, or receiver situated in the county where such record and index are made,* and upon all real estate which such person, firm, corporation, association, joint stock company, syndicate, copartnership, agency, trustee, or receiver may thereafter acquire, situated in said county. Satisfaction of any state tax lien may be shown by a receipt, acknowledgment or release signed by a representative of the State agency that filed such lien, and acknowledged or proved for record as required for deeds." (Emphasis ours.)

The undisputed evidence is that at no time did the State file notice claiming a lien on the real estate of Ernest Duane Smith, Jr. for the taxes owed by Daniel B. Smith. No notice was on file at the time of payment of such taxes by USF&G nor at the time of the assignment by the State to USF&G. A notice of lis pendens and a release from the State favoring USF&G and an assignment by the State to USF&G of all its rights against Daniel B. Smith d/b/a Forest-Dallas Oil Company was filed in the Deed Records and the State Tax Lien Records of Dallas County.

Neither the State, nor USF&G, nor First Bank and Trust Company of Richardson, Texas, met the statutory requirements for the establishment of a lien on the real property of Ernest Duane Smith, Jr. See State v. Smith, 34 S.W.2d 342 (Tex.Sup.Ct.1968); Pecos County State Bank et al. v. The State of Texas, 468 S. W.2d 867 (Tex.Civ.App.-Austin, 1971, writ refused n. r. e.).

The judgment is affirmed.