BLUE GRASS CANNING CO. *v.* WARDMAN.

*(Jackson.* April 19, 1899.)

1. PLEADING AND PRACTICE. *Waiver of misnomer.*

Nonresident defendants, by coming in and defending on the merits, waive a misnomer in the writ of attachment upon which service by publication was based, in describing the defendant company as a corporation rather than a partnership. (*Post, pp. 180, 181.*)

2. SAME. *Describing firm in process.*

The names of the members of a firm should, for greater regularity and certainty, be given in the process by which an action is commenced, but the omission of their names does not make the process void. (*Post, p. 181.*)

Case cited and approved: Marshall *v.* Hill, 8 Yer., 100.

3. JUDGMENT. *Adapted to the situation.*

A Court of Law may, in an attachment suit, protect the interest acquired by third parties under a prior attachment in the attached fund, which is *in custodia legis,* by directing that the fund shall be applied to the payment of its judgment, subject to the prior attachment. (*Post, pp. 182, 183.*)

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. J. S. GALLOWAY, J.

W. B. METCALF for Canning Co.

HANCOCK POSTON for Wardman.

BEARD, J. This is an action instituted by defendants in error to recover damages from the plaintiff in error, for an alleged breach of contract of sale of fifty-five cases of canned tomatoes. The Blue Grass Canning Co. being a nonresident of the State, the suit was begun by original attachment, and service was had by a garnishment notice to Brooks, Neely & Co. Upon an answer of the garnishees showing that they had a fund in their hands belonging to the canning company, the statutory publication was made against it. In due time after this the company filed a plea in abatement in which it was averred that there was a misnomer in the writ in that it was a partnership composed of J. E. & H. Guenther, and not a corporation. Upon the filing of this plea the plaintiffs, by leave of Court, amended their affidavit, writ, etc., by adding after the name of the Blue Grass Canning Company the words "a firm composed of J. E. & Henry Guenther." The cause then proceeded to judgment.

It is now insisted that this was error, it being assumed that the action as originally instituted and up to the time of the amendment was a nullity. This is a mistake. Neither the affidavit for, nor the writ of attachment described the Blue Grass Canning Co. as a corporation. There was nothing in the face of the papers to indicate whether it was a corporation or a partner-

ship. This, however, is immaterial so far as the Guenthers are concerned, because, after the amendment was made, they came in and submitted themselves to the jurisdiction of the Court by defending on the merits. Even if defective originally, their appearance cured the defect. But it is error to assume that this proceeding was void up to the time of the amendment. The plaintiffs in error were sued in their firm name and publication was made for them in that name. While it would have been proper, for greater regularity and certainty, that the names of the members of the firm should have been given in the original papers, yet the omission of their names did not make the process void. *Marshall* v. *Hill,* 8 Yer., 100.

It is urged as a further error in this case that there is no material evidence to sustain the judgment. Only three persons have personal knowledge of the contract alleged; of these two were the plaintiffs below, and the third was the Memphis agent of the canning company. The two plaintiffs testify positively that the contract of purchase, for breach of which this suit is brought, was made. This the agent as emphatically denies. Such being the state of the record, it is unnecessary, and, in view of the well established rule in this Court, it would be improper, for us to go into those matters which are relied upon in argument to weaken or corroborate the testimony

of the respective witnesses. It was the duty of the trial Judge to sift the testimony in order to ascertain where the preponderance was, and it is ours to maintain his judgment, finding it sustained by material evidence.

Not only is the contention of the plaintiffs below maintained by their own testimony, but we also find that the contract which they insist upon was one which, under the terms of a letter addressed by his principals to this agent and by him exhibited to these plaintiffs, he was empowered to make. We need not set out this letter; it is sufficient to say it gave the agent ample authority to make the contract in question, without further confirmation from the canning company.

Again, it is insisted the Court was in error in pronouncing the judgment it did, which, it is argued, is rather in the form of a decree in chancery than a common law judgment. Prior to the institution of this suit Mallory, Crawford & Co., claiming to be creditors of plaintiffs in error, had attached the fund in the hands of Brooks, Neely & Co. Their case was still pending and undetermined in the same Court at the time of the rendition of this judgment. On the trial of the present case the record in the Mallory, Crawford & Co. case was offered in evidence by the plaintiffs below. No objection was made to this offer, but, on the contrary, the attorneys for

Blue Grass Canning Co. v. Wardman.

both plaintiffs and defendants embodied, by agreement, in a written stipulation the contents of that record and made it a part of the record in this case. This agreement · showed the fund attached had been paid into the Court by Brooks, Neely & Co., and was then *in custodia legis*, and that after satisfying the claim of Mallory, Crawford & Co., should they succeed in their litigation, there would be left a considerable balance to be applied to the claim of Wardman & Behr. On this record, embracing this stipulation, the Circuit Court pronounced a judgment for $240 in favor of plaintiffs below, against the two Guenthers constituting the firm of The Blue Grass Canning Company, sustaining the attachment and adjudging that the funds paid into Court by Brooks, Neely & Co. should be applied to the payment of this judgment, subject, however, to the prior attachment of Mallory, Crawford & Co. We see no error in this. · We think, having control of the fund and of the parties litigating over the fund, it was proper for the Court to guard, as it did, the rights of the respective parties. This power pertains to, and is properly exercised by, any Court, whether it has legal or equitable jurisdiction. The other errors assigned were disposed of orally.

Judgment affirmed.