CALUMET AND HECLA MINING COMPANY, Appellant, · *v.* EQUITABLE TRUST COMPANY and Others, Defendants, Impleaded with ROBERT E. MILLER and BARTHOLOMEW L. STAFFORD, Respondents.

First Department, February 7, 1919.

Carrier — action to recover moneys paid for carriage of merchandise — pleading — complaint stating single cause of action for money had and received — demurrer — failure of shipper to repudiate contract of carriage by reason of carrier's neglect to perform.

Demurrer to a complaint upon the ground that a cause of action against one of the defendants for breach of an affreightment contract was improperly united with another cause of action against a codefendant in tort for appropriating moneys paid for the affreightment, and because the two alleged causes of action did not arise out of the same transaction. Complaint examined, and *held,* to state but a single cause of action for money had and received and that, therefore, the demurrer upon the ground that causes of action had been improperly united should have been overruled.

However, where the plaintiff sues for money had and received by the defendant under a contract to transport merchandise to a foreign country, which contract of carriage the plaintiff alleges the defendant has failed to perform, a demurrer to the complaint should be sustained where the defendant still has possession of the merchandise which has not been reclaimed by the plaintiff and the complaint does not show that the plaintiff has abandoned or rescinded the contract of carriage evidenced by bills of lading still held by it and which still bind the defendant to fulfill its contract of carriage.

*It seems*, that the plaintiff would have a right to rescind the shipping contracts for the breach thereof by the defendant in failing to ship the goods as agreed, but such rescission must be alleged in the complaint in order to entitle the plaintiff to recover moneys paid for such carriage.

APPEAL by the plaintiff, Calumet and Hecla Mining Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of August, 1918, denying its motion to overrule the demurrer of the defendants Robert E. Miller and Bartholomew L. Stafford, and sustaining said demurrer on the counter-motion of the respondents.

*Lawrence E. Brown* of counsel [*Bullowa & Bullowa,* attorneys], for the appellant.

*Alexander S. Bacon,* for the respondents.

LAUGHLIN, J.:

The first ground of the demurrer is that separate and distinct causes of action have been improperly united in that one against the respondents for a breach of the affreightment contract and another against the Equitable Trust Company in tort for appropriating the money paid for the affreightment, are improperly joined, and also in that a cause of action against the respondents is joined with a distinct and separate cause of action against the Equitable Trust Company having no connection therewith and not growing out of the same transaction.

We are of opinion that the complaint is for money had and received and does not even purport to allege any other cause of action. The demurrer, therefore, on the ground that causes of action have been improperly united should have been overruled.

The second ground of the demurrer of the respondents is, however, well taken. It is alleged that affreightment contracts for the transportation of copper to Genoa by the steamship *H. M. Whitney* or substitute steamer, the freight being payable to the defendant Equitable Trust Company, were entered into by the plaintiff on or about the 12th of January, 1918, and that on or about the 5th of March, 1918, the plaintiff's check for $57,020.48 for the freight on the

copper was indorsed to the Equitable Trust Company and paid to it; that the respondents were and are still doing business under the trade name and style of Acme Steamship Company; that the copper was duly delivered to them and that papers purporting to be bills of lading were issued to the plaintiff therefor, but that the copper has not been shipped on said steamship or on any following or substitute steamer and that more than a reasonable time for such shipment has elapsed; that on or about the 4th of December, 1917, the defendant Stafford purchased said steamship and on the same day transferred the legal title thereto to the defendant Arthur A. Miller " for and on behalf of the defendant Equitable Trust Company of New York as security for the repayment of moneys advanced to him by said Equitable Trust Company on account of the purchase price of said steamship," and that the defendant trust company has wrongfully applied said money " to its own use and the use of the other defendants," and that by reason of the premises the defendants have had and received said sum to and for the use of the plaintiff and have failed and refused to repay the same to the plaintiff although demand therefor was duly made, and plaintiff demands judgment for the amount together with interest and costs.

The complaint contains no allegations showing or tending to show the abandonment or rescission of the contracts which were evidenced by the bills of lading which were delivered to plaintiff. It does not appear that the copper has been reclaimed by the shippers or that the affreightment contracts have been surrendered, nor is there any allegation of an offer to surrender them. So far as appears, therefore, the affreightment contracts for the shipment of the copper to Genoa are still held by the plaintiff and remain in full force and effect. Doubtless the plaintiff would have a right to rescind the shipping contracts for the breach thereof in failing to ship the copper as agreed, but the complaint does not show that this has been done. Although this is an action at law it is founded on equitable principles and the plaintiff must show that it is against good conscience for the defendants to keep the money and manifestly it is not if they are still obligated to carry the freight. (See *Schank* v. *Schuchman,* 212 N. Y.

352, 358, 359, 360.) It is quite clear, therefore, that the plaintiff cannot retain the bills of lading which may be negotiable, depending on whether they are *straight* or order bills (39 U. S. Stat. at Large, 539, §§ 2, 3, 6; Id. 540, § 9; 8 U. S. Comp. Stat. 1916, pp. 9311–9313, §§ 8604aaaa, 8604b, 8604cc, 8604e), and recover the amount paid for the freight on the theory that the copper was not timely shipped in accordance with the affreightment contracts. The complaint being clearly insufficient in this regard it is unnecessary to discuss other objections thereto with respect to which we might not be able to agree and which may be obviated by the amendment to be permitted.

It follows, therefore, that the order should be reversed, without costs, the plaintiff's motion to overrule the demurrer on the ground that causes of action have been improperly united granted, and in other respects denied, with ten dollars costs; and defendants' motion to sustain demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action granted, with ten dollars costs, and in other respects denied, with leave to plaintiff to amend on payment of costs.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Order reversed, without costs, demurrer on the ground of improper joinder of causes of action overruled and motion to sustain demurrer on that ground denied; plaintiff's motion in other respects denied, with ten dollars costs, and defendants' motion in other respects granted, with ten dollars costs, with leave to plaintiff to amend on payment of costs.