V. H. McLEAN et al. v. W. A. CHANABERY et al.

Eastern Section. July 3, 1926.

No petition for Certiorari was filed.

1. **Parties.** Party plaintiff must be a certain person or legal entity capable of instituting suit.

Where an action was brought in the name of "Estate of R. R. Swepson" and process and judgment names no one else as plaintiff, held that there was not a plaintiff having any capacity to institute suit and a judgment therein was void.

2. **Judgments.** Judgment entered in a suit in which there is not a proper party plaintiff is void.

Where an action was brought in the name of the "Estate of R. R. Swepson" and there was nothing in the record to show a legal entity capable of maintaining the suit, held that a judgment therein was void and uncollectible.

Appeal from Chancery Court of Knox County; Hon. Chas. Hays Brown, Chancellor.

Affirmed.

Kelly & Kelly, and W. R. Henderson, of Knoxville, for appellant.

Turner, Cate & Cate, of Knoxville, for appellee.

THOMPSON, J. On November 26, 1924, an execution for $735.65 against the complainants V. H. and N. K. McLean was issued and went into the hands of W. A. Chanabery, a constable, from the court of Frank Dobson, a Justice of the Peace of Knox county, in favor

of the "estate of R. R. Swepson." Said execution was issued on a judgment which said Justice of the Peace had rendered against the complainants, V. H. and N. K. McLean, on September 25, 1917, for the sum of $499.99, and court costs. It was issued at the instance of the defendants E. H. Saunders, Lillian Spillman and Virginia Swepson Cowan, trustees under the will of R. R. Swepson, a former resident of Knox county, who had died prior to the institution of the suit in which the judgment, upon which the execution was issued, had been rendered.

The bill in this cause was filed to have said judgment declared null and void, and to enjoin the constable and the said trustees from attempting to levy said execution or collect said judgment. The grounds of the attack upon said judgment were: First, that the complainants V. H. and N. K. McLean had not been served with process in and had no knowledge or notice of the institution of the suit in which said judgment was rendered; Second, that the warrant in said suit sought to recover "in a plea of debt due by acct., $675" which was in an amount in excess of the jurisdiction of the justice of the peace, and that this rendered the judgment void although it was for only $499.99, and court costs; Third, that the plaintiff named in said warrant was "Est. of R. R. Swepson," the judgment was rendered in favor of the "Estate of R. R. Swepson," and the rule docket entry upon which said execution was issued simply stated: "Estate of R. R. Swepson," and there was no plaintiff in said suit having an entity in law and over whom a court could take jurisdiction, and that therefore said suit and judgment were void.

The defendants answered the bill and admitted that the three defendant trustees had caused the issuance of said execution, but denied that the judgment upon which it was issued was void for the reasons above set out or for any other reasons. They set out that R. R. Swepson had died prior to the institution of said suit and that they were the trustees under his will, etc. They also set out that on September 25, 1915, Robert L. Foust, agent of the three trustees of the estate of R. R. Swepson, deceased, had leased, in writing, a building in Knoxville to the said V. H. and N. K. McLean, and that said suit was instituted for the purpose of collecting rent due under said lease, etc.

Upon the final hearing it was adjudged that said judgment was void, and the defendants were perpetually enjoined from causing execution to issue or from levying execution upon the property of complainants for the purpose of recovering upon said void judgment, etc., and the costs of the cause were adjudicated against the defendants. The grounds of the adjudication, as shown by the final decree, were:

"The court is of the opinion that the judgment is void, which appears upon the docket of Frank Dobson, Justice of the Peace of Knox county, Tenn., on the date of September 25, 1917, which is No. 2266 on said docket, and which is in favor of 'Estate of R. R. Swepson' and against the complainants in this action, Victor H. McLean and Nat K. McLean, for four hundred ninety-nine dollars and ninety-nine cents ($499.99) and costs, the court being of this opinion because the warrant and judgment as entered shows no plaintiff capable in law of instituting an action, in whose favor a judgment might be rendered."

The defendants have appealed to this court and have assigned error as follows:

"The court was in error in decreeing that the judgment in question is void, and in perpetually enjoining the defendants from having execution issued and levied on the property of complainants for the collection of said judgment, upon the grounds and for the reasons hereinafter stated.

"1. For the reason, that under the facts in this record there can be no dispute but that the complainants were duly served with process notifying them to appear and defend the suit instituted against them in said justice's court.

"2. For the reason, that if the plaintiff in said original warrant, and in said judgment, was improperly styled and designated, that the same amounted merely to a misnomer which was waived unless raised by plea in abatement, and which was cured by judgment.

"3. For the reason, that the objection that said warrant and judgment shows no plaintiff capable in law of instituting an action, and in whose favor a judgment might be rendered, is not now available to complainants, they having admitted the capacity of said plaintiff to sue by their failure to make said objection.

"4. For the reason, that the justice did not render judgment for a sum in excess of his jurisdiction, and the fact that the warrant sets forth a greater sum due does not render the judgment void, the same being for an amount within the justice's jurisdiction."

An examination of the record and exhibits shows that the warrant was as follows:

"State of Tennessee, Knox County.

"To any lawful officer of said county—to execute and return:

"Summon Victor and Nat K. McLean to appear before me, or some other Justice of the Peace for said county, to answer the complaint of Estate of R. R. Swepson in a plea of debt due by acct. $675 under . . . dollars.

"Given under my hand and seal, this 12th day of September, 1917.
                    "Frank Dobson    (Seal)
                "Justice of the Peace for said County."

The judgment entered upon the back of the warrant is as follows:
"Judgment.

"Estate of R. R. Swepson v. Victor H. & N. K. McLean. In this cause I render judgment for the plaintiff and against the defendants for four hundred ninety-nine and ninety-nine/100 dollars ($499.99) and all costs of suit for which execution may issue.

"This 25th day of September, 1917.

"Frank Dobson, Justice of the Peace."

The judgment, as the same appears upon the Record or Docket of the Justice of the Peace, is as follows:

"September 25, 1917.

"Document number 2266.

"Estate of R. R. Swepson, deceased

v.

"Victor H. & Nat K. McLean

"Judgment for plaintiff $499.99 and cost.

"Officers cost, ............ $1.00

"J. P. cost, .............. $1.00

"E. W. Sharp, Deputy Sheriff, returning officer

"G. W. Hill, Atty. for Plaintiff."

It will be seen that neither in the warrant, the judgment nor the rule docket, nor elsewhere in the justice's record, was any plaintiff named or stated except the "Estate of R. R. Swepson," and there was nothing whatever in the Justice of the Peace record showing who R. R. Swepson was, except that he had died. Certainly, under these circumstances, the words "Estate of R. R. Swepson," without more, cannot be held to describe or name any legal entity or quasi-legal entity having any capacity whatever to institute suit. This being true, we think the judgment and in fact the entire proceedings before the Justice of the Peace were void, and that it can make no difference whether the defendants therein were or were not served with process as neither of them appeared or defended said suit. Neither can it matter whether in the instant suit they did or did not show a meritorious defense to the cause of action sought to be recovered upon before the Justice of the Peace. It seems to us that all of this is the necessary result of the cases of McClellan v. Cornwell, 2 Cold., 298; Captain v. Paschal, 9 Heisk., 205; Marshall v. Hill, 8 Yerger, 101; Blue Grass Canning Co. v. Wardman, 103 Tenn., 179, 52 S. W., 137; Hunter v. Swadley, 141 Tenn., 156, 207 S. W. 730. See, also, Caruthers v. Hartsfield, 3 Yerger, 366; Ridgway v. Bank, 11 Humph., 523; Bell v. Williams, 1 Head., 229.

It results that in our opinion there was no error in the decree of the lower court and the same will be affirmed. The costs of the appeal will be taxed against the appellants and the surety on their appeal bond.

Portrum and Snodgrass, JJ., concur.