B. D. Cope, Complainant, Appellant, v. G. Howard Wilkinson, et al., Defendants, Appellees.

*(Nashville,* December Term, 1932.)

Opinion filed April 8, 1933.

Robert L. Sadler, for complainant, appellant.

Elkin Garfinkle, for defendants, appellees.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed to enjoin enforcement of a judgment of $49.50 rendered by Wilkinson, a justice of the

peace, against complainant, and to recover $22 seized by execution issued upon the judgment. The chancellor dismissed the bill. Complainant appealed and insists that the judgment should be declared void under the rule applied in *McLean* v. *Chanabery*, 5 Tenn. App. Rep., 276. The facts stipulated are:

F. Nusbaum carried on a mercantile business in the trade name of West Nashville Ready-to-Wear Company. Complainant purchased and received goods and by contract agreed to recompense the West Nashville Ready-to-Wear Company for them. When he failed to pay for the goods purchased under the contract, the West Nashville Ready-to-Wear Company sued him for the debt. The warrant was served and he submitted to judgment before the justice of the peace. He might have avoided the warrant by a plea of misnomer. *Marshall* v. *Hill*, 8 Yerg., 101; *Canning Co.* v. *Wardman*, 103 Tenn., 179. But, as the chancellor held, he can not avoid the judgment by bill in equity. He is precluded by the rule applied in *Ingle System Co.* v. *Norris*, 132 Tenn., 472, 5 A. L. R., 1578, Anno., 1580.

The name of the entity with which complainant contracted implies a corporation, and after submitting to a judgment on behalf of that entity for the debt he contracted and which he in substance admits to be just, the complainant, after judgment, is estopped from denying the existence of the party with whom he dealt. *McLean* v. *Chanabery*, relied on by complainant, is readily distinguishable upon its facts. The name used there implied neither an individual, corporation, nor a partnership. After the death of R. R. Swepson the "estate of R. R. Swepson" sued McLean and recovered a judgment. The Court of Appeals, sustaining a bill filed to enjoin

the judgment, said "The words 'estate of R. R. Swepson' could not be held to describe either a legal or quasi-legal entity with capacity to sue." Such is not the case here.

Affirmed.