# Lingar v. Harlan Fuel Co. et al.

Sept. 29, 1944.

Golden & Lay for appellant.

James R. Sampson for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

On March 22, 1943, appellant sued the Harlan Fuel Company, a corporation to recover damages for personal injuries allegedly sustained while in its employ on March 23, 1942. A summons was issued against the corporation and delivered to one E. Guthrie, a former officer or employee of the corporation, who, on the second day of the ensuing May term, filed his affidavit disclosing that on December 29, 1941, the corporation had been dissolved in the manner prescribed by KRS 271.300; that all steps required by that Statute had been taken, includ-

ing the publication of newspaper advertisements; that the property of the corporation, by deed duly recorded in the county court clerk's office, had been conveyed to a partnership formed by the stockholders of the corporation to do business under the same name, and that the partnership, on December 29, 1941, had executed and filed in the county court clerk's office a statement to that effect as required by KRS 365.010.

Reciting the facts pertaining to the dissolution of the corporation, and stating that he was ignorant of them when he instituted the action, appellant, on May 15, 1943, filed an amended petition making the partnership and its individual members parties defendant, and seeking to hold them liable as successors to the corporation. The partners, in their answer filed at the succeeding August term, pleaded among other defenses the one year Statute of Limitations (KRS 413.140) which appellant in turn sought to avoid by reply. The Court sustained appellees' demurrer to the reply as amended, and upon appellant declining to plead further, dismissed his petition. Since the sole question presented on this appeal is whether appellees were estopped by the facts alleged in the amended reply from pleading limitation in bar of appellant's action, we quote the amended reply as follows:

"Comes the plaintiff and for his amended reply and plea in abatement, says that subsequent to the time that it is alleged and stated that the Harlan Fuel Company dissolved itself as a corporation and the defendants herein formed a partnership, these defendants continued to run and operate the mine as stated in the Amended Petition herein, under and by the name of Harlan Fuel Company, the same name adopted and used by the corporate defendant, and that it did issue to this plaintiff, subsequent to said dissolution, and to other working men, pay slips twice a month for their wages on printed forms showing the name of their employer to be Harlan Fuel Company, without stating or disclosing that same had been changed or that the corporation had been dissolved, or a partnership formed; and he says that he files herewith and makes part hereof, the same as if copied herein, one of the pay slips, under the name of the Harlan Fuel Company, issued to him for wages, after the alleged dissolution of the said corporation.

"He states that he was not discharged by the cor-

poration and he did not quit his work as an employee of said corporation, and he was not employed by any employment by the defendant partnership or the individuals, and that his employment continued both before and after the alleged dissolution of the corporation, upon the same status, and he believed at all times that he was working for the same employer both before and after the alleged dissolution, and he never received any actual notice or otherwise, that any change had been made in the employment, or the name of his employers, but that he was led to believe and did believe, after the alleged change, that he was working for the Harlan Fuel Company and that it was a corporation all the time, and the same officers, employers, bosses and owners continued to run the coal mine where he was employed after the alleged dissolution of the corporation as those who ran, managed and operated the mine before said alleged dissolution, and these defendants and no other person ever let it be known to this plaintiff or to any other working man to his knowledge, that any change had been made, and he believed and relied upon same; and for all of these reasons, these defendants ought to be estopped from pleading or relying upon the statute of limitations of those matters contained in their answer.''

It will at once be observed that no specific misrepresentation by appellees is charged, and that the sole basis for his claim that they were estopped is that they failed to inform appellant that the corporation had been dissolved in December and that thereafter he was working for the successor partnership. It is, of course, true that a person may be estopped from speaking the truth to the prejudice of another who relied on his silence when he was under obligation to speak. But when the method of imparting notice to those who may be affected by the performance of an act is prescribed by Statute, and that Statute has been strictly complied with, should the Court, nevertheless, require actual notice in order to render the legally accomplished act effective? When, as here, both the obligation to speak and the method of speaking are prescribed by statute, and the statute has been complied with, has not the obligation been fulfilled?

Moreover, one may not omit to avail himself of readily accessible sources of information concerning particular facts, and thereafter plead as an estoppel the silence of another who has been guilty of no act calcu-

lated to induce the party claiming ignorance to refrain from investigating. Appellant had a year in which to ascertain from the public records the true status of his employers, and in all probability a mere inquiry of them would have elicited the truth. The only specific concealment charged was the use of the pay roll slips bearing the name, "Harlan Fuel Company." But neither the word "incorporated" nor its abbreviation "Inc." appeared thereon; and so far as the record discloses, no sign or stationery employed by the partnership contained any word or statement indicating that a corporation was conducting the business.

We have not been cited to any case in which the facts were identical with those in the case at bar; but the principles of law controlling its decision are well settled. Amer. Juris., Vol. 19, Estoppel, Sect. 55 at Page 665; Cox et al. v. Simmerman et al., 243 Ky. 474, 48 S. W. 2d 1078.

Statutes of limitation frequently work hardships, but the services which they render society as a whole outweigh the injuries inflicted upon the unwary. At all events, broadening of the exceptions thereto is a legislative and not a judicial function since they derive their force from statutory enactments alone. Particularly applicable, therefore, to the present case is the following statement designed to apply to estoppels in general found in Amer. Juris., Vol. 19, Sect. 43, p. 643: "Estoppels must be certain to every intent and are not to be taken or sustained by mere argument or doubtful inference. No party ought to be precluded from making out his case according to its truth unless by force of some positive principle of law. Hence, the doctrine of estoppel in pais must be applied strictly and should not be enforced unless substantiated in every particular. The acts, claims, or conduct relied on to estop must be plainly inconsistent with the right afterward set up and must clearly appear to have been done or made by the party whom it is sought to bind."

Clearly appellant's cause of action was against the partnership, and its assertion against the non-existent corporation within a year after its accrual, could not, in the absence of an estoppel, prevent the partnership, when sued after the year had expired, from pleading the one year Statute of Limitation. Leatherman v. Times Co. et al., 88 Ky. 291, 11 S. W. 12, 3 L. R. A. 334,

220

21 Am. St. Rep. 342; Geneva Cooperage Co. et al. v. Brown, 124 Ky. 16, 98 S. W. 279; Nunn v. City of Louisville, Ky., 105 S. W. 119.

Judgment affirmed.