HENRY C. SHELLHORN, appellant, v. ELIZABETH B. WILLIAMS et al., d. b. a. WARD S. WILLIAMS et al., appellees.

No. 48241.

(Reported in 58 N.W.2d 361)

MAY 5, 1953.

Armstrong & McNabb, of Waterloo, for appellant.

Reed & Beers and Harris, Van Metre & Buckmaster, all of Waterloo, for appellees.

WENNERSTRUM, J.—The incident which is the basis of plaintiff's suit occurred on May 5, 1950. His original action was brought against Ward S. Williams, Incorporated, and Faye D. Martin, now Mrs. Faye D. Anderson, as defendants. Service of the original notice was obtained on Ward S. Williams, Incorporated, on April 14, 1952, by serving Mrs. Ward S. Williams. The return stated the last named party was the owner of the corporation. Personal service on the other defendant was ob-

tained on April 30, 1952. Since, and apparently even before, May 5, 1950, there has been a business conducted in the City of Waterloo, Iowa, operating under the style and firm name of Ward S. Williams. Prior to the commencement of the suit there had not been filed in the recorder's office of Black Hawk County any trade-name affidavit relative to any business operated as Ward Williams or Ward S. Williams. Section 547.1, 1950 Code. The records do show, however, that heretofore there was a corporation entitled Ward S. Williams, Incorporated, and its articles provide that it was to continue until 1953 or until formally dissolved. There is no record of its formal dissolution in Black Hawk County, Iowa. It is also shown that Ward S. Williams died on November 10, 1945, and his estate was probated in Black Hawk County, Iowa. On May 5, 1952, a general appearance for Ward S. Williams, Incorporated, and Faye D. Martin, now Mrs. Faye D. Anderson, was filed in the original action. The record discloses the last named defendant is the owner of the real estate where the Williams business was carried on. On May 6, 1952, a special appearance was filed in this case by another attorney on behalf of Ward S. Williams, Incorporated. On May 7, 1952, the original attorney withdrew his general appearance for both defendants and on the same date filed another general appearance for only one of the defendants, namely, Faye D. Anderson. On the hearing on the special appearance certain evidence was presented by stipulation and a certificate of formal dissolution of Ward S. Williams, Incorporated, from the Secretary of State's office was submitted to the court without objection. It showed that Ward S. Williams, Incorporated, was dissolved May 17, 1938. Testimony of the attorney relative to his appearance for the original defendants was also presented. He testified he had no authority to appear for Ward S. Williams, Incorporated, had no intention of so appearing, and the appearance so made was by reason of an inadvertent error made by his secretary. On May 12, 1952, the trial court sustained the special appearance of Ward S. Williams, Incorporated.

Thereafter on May 21, 1952, a trade-name affidavit was filed listing Elizabeth B. Williams and Elizabeth W. Driver as partners doing business under the trade name of Ward S. Williams.

On May 23, 1952, an amended and substituted petition was filed in the district court in the original action substituting Elizabeth B. Williams and Elizabeth W. Driver d/b/a Ward S. Williams as party defendants instead of Ward S. Williams, Incorporated. Following the filing of this amended and substituted petition new original notices were served on the two substituted defendants. The sheriff's return states that Elizabeth B. Williams is also known as Mrs. Ward S. Williams. On May 29, 1952, a general appearance was thereafter filed for these defendants. A motion to dismiss plaintiff's petition on the ground the statute of limitations had run was filed on behalf of the new and substituted defendants. It was stipulated that prior to May 21, 1952, no affidavit of a trade name had been filed in the office of the recorder of Black Hawk County, Iowa, relative to Ward Williams or Ward S. Williams. On July 21, 1952, the court sustained the motion to dismiss the action against Elizabeth B. Williams and Elizabeth W. Driver d/b/a Ward S. Williams. Plaintiff has appealed.

I. The stipulation and other matters shown by the record disclose that there was a business conducted in Waterloo, Iowa, as Ward S. Williams at and following the time when the plaintiff's action was commenced. However, it should be kept in mind his action was brought against Ward S. Williams, Incorporated. It is definitely shown by the record that at the time plaintiff's action was brought there was no corporation in existence known as Ward S. Williams, Incorporated. There is definite evidence the original attorney had no authority to appear for and represent Ward S. Williams, Incorporated. In Kirby v. Holman, 238 Iowa 355, 372, 25 N.W.2d 664, 673, we stated:

"While there is a presumption that an attorney's appearance is authorized, it can be overcome by clear and satisfactory proof. Sloan v. Jepson, 217 Iowa 1082, 252 N.W. 535." In the instant case there is uncontroverted evidence there was no authority for the appearance made.

In so far as it may be pertinent to this case we hold the trial court was correct in sustaining the special appearance of Ward S. Williams, Incorporated.

912

II. The primary question presented on this appeal appears to us to relate to the question whether the statute of limitations has run in so far as it concerns the substituted defendants, Elizabeth B. Williams and Elizabeth W. Driver. The statute pertaining to the limitation of actions as it relates to this case provides that an action for injuries to a person must be brought within two years after the cause of action accrues. Section 614.1(3), 1950 Code.

"* * * whether an amendment of process or pleading, or both will be allowed which changes the description or characterization of a party after the statute of limitations has run, from a corporation to an individual, copartnership, or other association * * * seems to depend upon whether the misdescription or mischaracterization is interpreted as merely a misnomer or defect in the description or characterization, or whether it is deemed a substitution or entire change of parties; in the former case an amendment will be held to relate back to the commencement of the action, while in the latter the amendment will be held to amount to institution of a new action.

"* * * where an action is brought against a corporation whereas it should have been brought against a partnership, or vice versa, an amendment substituting the proper party defendant after the statute of limitations has run is generally held to be vulnerable to a plea of the statute. And the same rule applies in the case of the substitution of individuals as defendants for the partnership or corporation, or vice versa." 8 A. L. R.2d, section 81, page 166. This statement of the annotator relative to the applicable rules is supported in the following cases:

In Davis, agent, v. L. L. Cohen & Co., Inc., 268 U. S. 638, 640, 45 S. Ct. 633, 634, 69 L. Ed. 1129, 1132, it is disclosed that an action was brought by Cohen & Company against the New York, New Haven & Hartford Railroad Company for damages claimed to have occurred when the railroad was under federal control. It was therein stated:

"The Railroad Company was not liable for the cause of action that had arisen during Federal Control; the sole liability being that of the Director General as the representative of the Government. Missouri Pacific Railroad v. Ault, 256 U. S. 554,

557, 41 S. Ct. 593, 65 L. Ed. 1087. The original suit against the Railroad Company was not a suit against the Director General, and the service of the original writ upon the Railroad Company did not bring him before the court. * * * And it is immaterial that, as admitted at bar, the service of the writ against the Railroad Company was made upon a clerk upon whom process against the Director General might have been served if the suit had been brought against him. 'The Federal Agent was not bound to take cognizance of an action against the railroad corporation, even though the service was on the same local station agent, and even though the complaint stated a cause of action for personal injuries sustained during government control.' Davis v. Chrisp, 159 Ark. 335, 343, 252 S.W. 606, 609."

In the Davis v. Cohen case the Supreme Court of the United States held that under an applicable federal statute new parties could not be substituted after two years—a limitation period.

In Sanders v. Metzger, 66 F. Supp. 262, 263, 264, it is disclosed an action originally was commenced against " 'Eli Metzger, trading as or manager of Morris Management Company' * * *." Later plaintiff sought to amend the record by substituting " 'Morris Management Company, a corporation.' " It was therein stated:

"If the effect of the proposed amendment is merely to correct the name of a party already in court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. See McDowell v. Kiehel, 3 Cir., 1925, 6 F.2d 337; Weldon v. United States, 1 Cir., 1933, 65 F.2d 748; 5 Fed. Rules Service, Comm. 15c.31.

"On the other hand, if the effect of the amendment is to substitute for the defendant a new party, such amendment amounts to a new and independent cause of action and cannot be permitted when the statute of limitations has run. [Citing cases]

"In the instant case, plaintiff contends that Eli Metzger is vice-president of Morris Management Company and that that corporation may be substituted in his place since service on him, as an officer, would have been proper had suit been brought

against the corporation in the first place. Further, it is argued that it cannot be said that a new party is attempted to be brought on the record because the name Morris Management Company appears in the original proceeding. * * *

"To say that the Company is now in court is contrary to the plain fact. It was not the Company that was misdescribed, it was Metzger. The action was brought against Metzger, and service was had upon him. It is Metzger who appeared. The coincidence that Metzger, by virtue of his office, was competent to receive service on behalf of the Company, is immaterial, for the Company was not bound to take cognizance of an action against Metzger. * * * Here, the plaintiff is seeking to substitute for the defendant a different party, the Company, a legal entity, which is not in court, and the substitution of it for Metzger as defendant amounts to a new cause of action."

It was held that the plea of the statute of limitations was applicable.

Other cases where an original action was brought against a corporation and later an amendment was filed substituting or seeking to substitute individuals or a partnership and the statute of limitations was held by the court to be successfully pleaded are: Trust Company of Chicago v. McDermott Brewing Co., 293 Ill. App. 621, 11 N.E.2d 866; Haram v. Kranz, 330 Ill. App. 620, 71 N.E.2d 804; Girardi v. Laquin Lumber Co., 232 Pa. 1, 81 A. 63; Coventry v. Barrington, 117 N. J. Law 217, 187 A. 348; Haney v. Thomson, 339 Mo. 505, 98 S.W.2d 639; Lingar v. Harlan Fuel Co., 298 Ky. 216, 182 S.W.2d 657. Although the facts are different, there is a similarity to the cited cases in Daiprai v. Moberly Fuel & Transfer Co., 359 Mo. 789, 223 S.W.2d 474. It is disclosed the plaintiff brought an action against certain named defendants as a copartnership doing business as Moberly Fuel & Transfer Company. Later the plaintiff filed an amended petition alleging that the Moberly Fuel & Transfer Company, the sole defendant, was a corporation. The opinion discloses it was stipulated at the time of the filing of the original petition the three named parties owned the corporation subsequently sued and they so owned the corporation at the time

of the purported amended petition. A motion to dismiss was sustained by the trial court on a plea relative to the statute of limitations. On appeal the trial court was affirmed.

Further annotations supporting the previously cited authorities are set out in 8 A. L. R.2d, section 53, page 112, section 63, page 127; 74 A. L. R., Division IV, page 1282; 121 A. L. R., Division VII, page 1347. In the following two cases an amendment was allowed where there had been an original allegation in reference to a corporation and a later amendment relative to a partnership.

In McGinnis v. Valvoline Oil Works, Ltd., 251 Pa. 407, 409, 96 A. 1038, 1039, the original action was brought against the Valvoline Oil Works, Ltd., a corporation. Later the plaintiff moved to amend by striking from the name of the defendants the words, "a corporation" and adding in their stead the words, "a partnership association." The trial court did not permit this amendment and on appeal the cause was reversed. In the cited opinion it was therein stated: "The plaintiff did not sue the wrong party. He simply made a mistake in stating the name of his employer, and this he had a right to correct." The statute of limitations was involved in this case.

In Gozdonovic v. Pleasant Hills Realty Co. (1947) 357 Pa. 23, 53 A.2d 73, an original action was against the Pleasant Hills Realty Company, a corporation. Later it was discovered the company was not a corporation but a partnership and plaintiff was permitted to amend and allege the company was a partnership. This amendment was allowed apparently on the theory the plaintiff did not attempt to bring in as defendants the individual members of the partnership. The Pennsylvania court approved the authorization to amend but stated that to have named the individual members of the partnership in an amendment after the statute of limitations had run would not have been permissible. These last two cited cases are not applicable to the instant case.

Plaintiff in his brief sets forth and comments upon a number of cases which he claims are controlling here and where it is claimed an amendment changing the name of the defendant from a corporation to a partnership with named individuals

was allowed. We have examined all these cases and find that most of them are not applicable.

In the case of J. L. Jones & Co. v. Darden, Tex. Civ. App., 29 S.W.2d 479, the plaintiff sued as a corporation. Thereafter an amendment was filed describing the plaintiff as a partnership. The statute of limitations was here involved but the Texas court held that an amendment for correcting a misnomer is always proper. This case does not appear applicable to our present case.

In Ewart v. Cunningham, 219 Ala. 399, 401, 122 So. 359, 361, the original defendant was noted as "Ewart-Brewer Motor Company, a corporation." By an amendment the word "corporation" was stricken and certain named partners were listed. The statute of limitations was not involved in this case.

In Craig v. San Fernando Furniture Co., 89 Cal. App. 167, 264 P. 784, it was held that in changing the designation of the San Fernando Furniture Company from that of a corporation to that of a copartnership there was no change in the defendant entity. In the last cited case it was stated that under California decisions and a statute an amendment can be made where the error is clearly one of misnomer and the case distinguishes a situation where plaintiff has erroneously pursued a defendant to find out later his claim was against an entirely different person or concern. The fact situation in the cited case is not similar to the one now before us for consideration.

In Calumet & Hecla Mining Co. v. Equitable Trust Co., 186 App. Div. 330, 174 N. Y. S. 319, the facts there set forth do not involve the questions raised in the instant case.

In De Witt v. Abraham Bros. Horse & Mule Co., 170 App. Div. 610, 156 N. Y. S. 658, the defendant was apparently originally named as a corporation but thereafter an amendment was filed naming it as a partnership. The amendment was permitted under a New York statute but the statute of limitations was not involved.

In Key v. Goodall, Brown & Co., 7 Ala. App. 227, 60 So. 986, the trial court allowed the plaintiff to amend the complaint against the defendant by striking out the word "corporation" and inserting in lieu thereof the words "a partnership" and setting out the names of the partners composing the partner-

ship. Under the Alabama authorities this seems to be permitted.

In Goldstein v. Peter Fox Sons Co., 22 N. D. 636, 135 N.W. 180, 40 L. R. A., N. S., 566, the defendant was originally designated as a corporation. Later the plaintiffs amended all their pleadings and alleged the defendant was not a corporation but a partnership consisting of eight partners. It was held the amendment should be allowed in that it did not bring in new parties defendant into the suit and was merely descriptive of the entity against whom the action was brought and upon whom service was made. The statute of limitations was not involved.

In Teets v. Snider Heading Mfg. Co., 120 Ky. 653, 87 S.W. 803, it was originally alleged the defendant was a corporation. Under a Kentucky statute the amendment was permitted. The statute of limitations was not involved. .

In the case of C. H. Perkins Co. v. Shewmake & Murphey, 119 Ga. 617, 46 S.E. 832, it was apparently alleged the original· defendant was a corporation. The court held the petition might be amended by alleging the company was a partnership composed of named individuals. The statute of limitations was not involved. Only an abstract opinion was printed. .

In Blue Grass Canning Co. v. Wardman, 103 Tenn. 179, 52 S.W. 137, an action was brought against the canning company without naming it as a corporation. The original defendant thereafter pleaded there had been a misnomer in that it was a partnership. Later the original plaintiffs amended their action by alleging the company was a partnership and named the partners. It was held that after the amendment was made the original defendants submitted themselves to the jurisdiction of the court by defending on the merits. It was held the amendment was proper. The statute of limitations was not involved.

In Farmers & Merchants Bank v. Bank of Glen Elder, 46 Kan. 376, 26 P. 680, the trial court permitted the plaintiff to amend its petition and allege the defendant was a copartnership instead of a corporation as originally pleaded. The Kansas court held it was within the discretion of the court to permit the amendment. The statute of limitations was not involved. ´

In Anglo-American Packing & Provision Co. v. Turner Casing Co., 34 Kan. 340, 8 P. 403, it was alleged in the original

petition both the plaintiff and defendants were corporations. Later plaintiffs amended their petition naming the partners acting as the Turner Casing Company. A motion to dismiss was sustained by the trial court and reversed by the supreme court. That court held a general appearance of the defendants waived any deficiencies concerning the service on the named partners. The statute of limitations was not involved.

In the case before us for review entirely new parties were substituted. There was no misnomer or defect in the description or characterization of the defendant but an entire change of parties. We hold this is not proper, particularly after the statute of limitations has run.

III. The plaintiff in its resistance to defendant's motion to dismiss pleaded, "That the defendants are estopped to claim relief from this litigation on the grounds of the running of the statute of limitations." Upon the submission of the motion, a stipulation of facts was presented to the court, most of which has been incorporated in the statement heretofore set forth. There is nothing in the stipulation or plaintiff's resistance that would support a plea of estoppel. It is not even alleged in the resistance that plaintiff was misled or prejudiced by something said or done by the present defendants. The statement in Federal Land Bank v. Sherburne, 213 Iowa 612, 624, 239 N.W. 778, 784, is here applicable:

"It is not claimed that appellant was misled or in any way changed its position because of any matters stated as an estoppel. More than that, there is no proof that appellant was misled or prejudiced. Nor does it appear that appellant in any way changed its position because of anything said or done by appellee. Without such proof there can be no estoppel."

A holding that is here applicable is set forth in Lingar v. Harlan Fuel Co., 298 Ky. 216, 218, 182 S.W.2d 657, 659:

"Moreover, one may not omit to avail himself of readily accessible sources of information concerning particular facts, and thereafter plead as an estoppel the silence of another who has been guilty of no act calculated to induce the party claiming

ignorance to refrain from investigating. Appellant had a year in which to ascertain from the public records the true status of his employers, and in all probability a mere inquiry of them would have elicited the truth. The only specific concealment charged was the use of the pay roll slips bearing the name, 'Harlan Fuel Company.' But neither the word 'incorporated' nor its abbreviation 'Inc.' appeared thereon; and so far as the record discloses, no sign or stationery employed by the partnership contained any word or statement indicating that a corporation was conducting the business."

■ There was a record of the termination of the corporation's existence in the office of the Secretary of State. There is of record in the recorder's office of Black Hawk County articles of limited partnership. The date of the filing of these articles of limited partnership is not given but it must have been after the termination of the corporation. The stipulation showed Ward S. Williams was the only general partner. By reason of the later filing of the trade-name record it is presumed this limited partnership was terminated. We do not see how the plaintiff can plead the present defendants are estopped from pleading the statute of limitations.

For the reasons set forth we affirm the trial court.— Affirmed.

All JUSTICES concur.