**Debra M. RUSSELL, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. S–1782.

Supreme Court of Alaska.

Oct. 9, 1987.

Allen M. Bailey, Ross, Gingras, Bailey & Miner, Anchorage, for appellant.

Jeffrey W. Cole, Asst. Municipal Atty., Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

The issue presented on appeal is whether the superior court properly dismissed Debra Russell's federal and state law discrimination claims against the Municipality of Anchorage (Municipality) as barred by Alaska's two-year tort statute of limitations. Specifically in question is whether the statute of limitations began to run in 1983, when the Municipality denied Russell admission to the police academy, or in 1985, when she first became aware of circumstances allegedly indicating that the Municipality's acts constituted illegal discrimination.

I. *Facts and Proceedings Below.*

Debra Russell applied to the Anchorage police department for employment as a police officer, and an agent of the department informed her in July 1983 that she had passed all the tests necessary for admission to the police academy. In August 1983, the department's personnel director told her that she was not selected for the August entering class at the academy because she was a "minority bump." The defendant Municipality concedes that Russell "lost her position to a [N]ative male as

a result of a municipal affirmative action program which sought to hire [N]ative people."

On February 4, 1986, Russell filed this action in superior court, claiming that the Municipality had discriminated against her based on her sex in connection with her application for employment. She alleged violations of her rights under Alaska statutes providing for equal employment opportunity, sections of the Anchorage Municipal Code, and the federal civil rights statute, 42 U.S.C. § 1983, as well as several common law tort causes of action.[1]

The Municipality moved to dismiss Russell's federal and state law claims as barred by the applicable two-year statute of limitations, AS 09.10.070.[2] Russell opposed the motion, arguing that she timely filed her claim because her cause of action for discrimination did not accrue until 1985 when she first had knowledge of the essential underlying facts, thus giving her until 1987 to file her complaint. She did not dispute the applicability of AS 09.10.070 but asserted that she did not know and could not reasonably have been expected to

know that a "minority bump" constituted an illegal discriminatory action until approximately January 1985, when she began to investigate why the department had continually refused to hire her.[3] She further contended that she did not discover that unqualified minority candidates had been hired by the department until September or October 1985, when she was so informed by a Municipal Office of Equal Opportunity investigator, and that municipal ordinances protecting the confidentiality of the police department's personnel files prevented her from obtaining this information prior to that time.[4] The Municipality replied that Russell cannot avoid the running of the limitations period on this basis because she had access to the facts comprising the gravamen of her claims in 1983 and that all she "discovered" in 1985 was her belief that the Municipality's race-conscious decision to hire Native Alaskans in her place constituted illegal discrimination.

The superior court entered an order granting the motion to dismiss and entered a "final judgment" dismissing with prejudice specified paragraphs of Russell's com-

1. Specifically, Russell alleged that the Municipality (a) conducted unlawful employment practices in violation of AS 18.80.220 in administering tests required of candidates for admission to the police academy which served to discriminate against her based on her sex, and in discriminating against her by denying her admission to the August 1983 police academy class; (b) continued to discriminate against her based on her sex in violation of Anchorage Municipal Code §§ 5.10.010 and 5.20.040(A), which respectively provide for equal opportunity in employment and prohibit unlawful employment practices; (c) violated 42 U.S.C. § 1983 by depriving her of her rights to equal protection of the law, to equal employment opportunity, and to equal privileges in seeking employment with a government agency, under color of state statutes, municipal ordinances, and its internal rules and policies; and (d) intentionally and negligently inflicted emotional distress on her by discriminating against her based on her sex and by denying her employment in her chosen field of law enforcement based on her sex and other factors not relevant to her ability to serve as a police officer.

2. AS 09.10.070 provides in relevant part:
   No person may bring an action (1) ... for any injury to the person or rights of another not arising on contract and not specifically pro-

vided otherwise; ... or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.

3. In her complaint Russell asserted that the Municipality engaged in a "continuous course of unlawful conduct," discriminating against her based on her sex by denying her admission to the academy in 1984 and 1985, but she has not argued that these denials in 1984 or 1985 constitute the "last element" of a continuing violation which thus triggers the running of the period of limitations.

4. In May 1985, Russell filed a complaint with the Municipal Office of Equal Opportunity (OEO) alleging unfair hiring practices by the Municipality, and in August was notified that the OEO would undertake an impartial investigation. (A decision was ultimately rendered in Russell's favor.) The earliest action Russell took in regard to the alleged discrimination was to file a complaint with the State Division of Occupational Licensing in July or August 1984, alleging unethical practices of the police department's testing psychologist. She also filed a complaint with the State Human Rights Commission based on the alleged discrimination in July 1985.

plaint.[5] In its order granting the motion to dismiss the superior court found that (1) if the facts alleged therein were sufficient to make out a cause of action, Russell knew or should have known of the existence of these facts in August 1983; and (2) if, as alleged, Russell was better qualified than the Alaska Natives hired in her place, she knew or should have known that she was better qualified in August 1983. The court concluded that the "discovery rule" did not apply and that the AS 09.10.070 two-year statute of limitations applied without tolling. Russell subsequently appealed the superior court's order.

## II. *Final Judgment Rule.*

The superior court's "final judgment" did not dispose of all of Russell's claims

5. The court dismissed paragraphs VII and VIII of Count I of Russell's complaint, which contained the nucleus of facts on which both her state and federal law discrimination claims rested and thus in effect dismissed those claims. Those paragraphs stated:

### VII.

The defendant further discriminated against the plaintiff, based on her sex, by denying her admission to the APD Academy class in August 1983, all in violation of AS 18.80.220.

### VIII.

An agent of the defendant informed the plaintiff in July 1983 that she was to have been selected for the August 1983 APD Academy class, but was not selected because she was a "minority bump." Upon information and belief, of the approximately 14 persons selected for that academy, only one was female and at least seven of the males were white, at least one of whom did not take all tests before being hired.

The Municipality filed a second motion to dismiss the alleged violation of the Anchorage Municipal Code based on Russell's failure to exhaust her administrative remedies by failing to file a claim with the Anchorage Equal Rights Commission. The superior court denied this motion and that ruling is not a subject of this appeal.

6. Civil Rule 54(b) provides:

*Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the

against the Municipality of Anchorage. Since the superior court did not expressly determine that there was no just reason for delay and did not expressly direct the entry of judgment, the "final judgment" and order of dismissal appealed from is not appealable.[6] Nevertheless, we have decided to treat the appeal as a petition for review and to grant the petition in order to prevent unnecessary delay.[7]

## III. *Did the Superior Court Err in Dismissing Russell's Claims Pursuant to State and Federal Law as Barred Under AS 09.10.070?*

Russell conceded below, and does not now argue to the contrary, that AS 09.10.-070 governs both her state and federal law claims concerning unlawful discrimination.[8]

absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

7. *Kendall v. State, Div. of Corrections,* 692 P.2d 953, 954 n. 1 (Alaska 1984).

8. AS 09.10.070 does appear to be the appropriate statute of limitations for Russell's claims. Section .070(1) establishes a two-year period of limitations relating to most tort actions in Alaska. *See Blake v. Gilbert,* 702 P.2d 631, 639 (Alaska 1985); *Anderson v. Fairchild Hiller Corp.,* 358 F.Supp. 976, 978 (D. Alaska 1973) (citing *Austin v. Fulton Ins. Co.,* 444 P.2d 536, 538 (Alaska 1968), and *Silverton v. Marler,* 389 P.2d 3, 4 (Alaska 1964)). Moreover, it is a "residual" statute which governs all claims for injury to the person unless "specifically provided otherwise" in some other statute. *Anderson,* 358 F.Supp. at 978.

For Russell's section 1983 claims, the analogous Alaska limitations period must be used. *See, e.g., Board of Regents v. Tomanio,* 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440, 447–48 (1980); *see also Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (choice of analogous state limitations is a matter of federal law and every § 1983 action is in essence an action for injury to personal rights for statute of limitations purposes); *DeNardo v. Murphy,* 781 F.2d 1345, 1347 (9th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 1962, 90 L.Ed.2d 648 (1986) (Alaska state employee's suit chal-

Her argument as to both sets of claims is that the two-year period of limitations should not begin until 1985, when she allegedly discovered that Native Alaskan males less qualified than she had been admitted to the police academy, rather than when she was denied admittance in 1983. She contends that the "discovery rule" previously applied by this court and by the federal courts operates to delay accrual of her cause of action, and thus the commencement of the limitations period, because she could not reasonably have discovered all the facts essential to her cause of action—specifically, the hiring of Natives in her stead—until 1985 due to the Municipality's policy and practice of keeping its personnel files confidential.[9]

■ In *Gudenau & Co. v. Sweeney Ins.,* 736 P.2d 763, 766–67 (Alaska 1987), we said:

> The statute of limitations ordinarily begins to run on the date on which the plaintiff incurs injury. W. Keeton, D. Dobbs, R. Keeton, D. Owen, *Prosser and Keeton on the Law of Torts* § 30, at 165 (5th ed. 1984)....

Our former practice has been modified by the adoption of the "discovery rule" method of tolling the operation of the statute of limitations. *Greater Area, Inc. v. Bookman,* 657 P.2d 828, 829–30 (Alaska 1982). Today the statute of limitations does not begin to run until the claimant discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action. *Hanebuth v. Bell Helicopter Int'l,* 694 P.2d 143, 144 (Alaska 1984).

Applying the discovery rule to Russell's section 1983 claim, as well as her state claims, we conclude that the superior court's dismissal should be affirmed.[10] In our view the superior court correctly determined that Russell should have known of the existence of the facts alleged as comprising her cause of action in 1983.

Under the discovery rule the relevant inquiry is the date when Russell reasonably should have known of the facts supporting her cause of action. *See Greater Area Inc. v. Bookman,* 657 P.2d 828, 829 (Alaska 1982). Ordinarily summary judgment on this issue would be inappropriate and a remand to the superior court would be required.[11] If, however, there are uncontro-

---

lenging his discharge barred by 2–year statute of limitations; if *Wilson* has retroactive effect, then section .070(1) applies, and if not, section .070(3) governing liability founded upon a statute applies).

9. Russell also contends that the Municipality's "fraudulent concealment" of these facts should toll the statute of limitations until 1985. This argument in essence is one of equitable estoppel. *See Sharrow v. Archer,* 658 P.2d 1331, 1333 (Alaska 1983). Federal and state authorities have established that the doctrine of equitable estoppel is available to bar inequitable reliance upon statutes of limitations. *Groseth v. Ness,* 421 P.2d 624, 630 (Alaska 1966) (adopting this rule). *See* discussion *infra* notes 15–18 and accompanying text.

10. It is well-settled that although state law determines the applicable limitations period for a section 1983 cause of action, federal law determines when the period begins to run. *Briley v. California,* 564 F.2d 849, 855 (9th Cir.1977); *Martin v. Merola,* 532 F.2d 191, 195 n. 7 (2d Cir.1976); *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir.1975); *cf. Delaware State College v. Ricks,* 449 U.S. 250, 258–62, 101 S.Ct. 498, 504–06, 66 L.Ed.2d 431, 439–42 (1980) (deciding accrual date in suit brought under Title VII of the Civil Rights Act and 42 U.S.C. § 1981 as matter of

federal law without stating rule). *See generally* S. Nahmod, *Civil Rights and Civil Liberties Litigation* § 4.15, at 254 (2d ed. 1986). The federal rule is generally stated to be that a section 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Barrett v. United States,* 689 F.2d 324, 333 (2d Cir.1982), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983); *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir. 1980); *Cox,* 529 F.2d at 50. *See also Henderson v. State,* 110 Idaho 308, 715 P.2d 978, *cert. denied,* —— U.S. ——, 106 S.Ct. 3282, 91 L.Ed.2d 571 (1986).

11. *Bookman,* 657 P.2d at 830–31. The superior court's order granting the motion to dismiss Russell's action under Civil Rule 12 should be treated as equivalent to the summary judgment since the court considered matters outside the pleadings (an affidavit submitted by Russell in opposition) when making its finding. *See* Alaska R.Civ.P. 12(b); *Adkins v. Nabors Alaska Drilling,* 609 P.2d 15, 21 & n. 11 (Alaska 1980) (where material outside pleadings is presented to trial court, a motion to dismiss is automatically converted into one for summary judgment unless the court affirmatively and expressly rules that it is not considering evidence outside the pleadings). On a motion for summary judg-

verted facts that indicate when Russell reasonably should have known that she had a cause of action, then this court can dispose of the question as a matter of law.[12] The parties do not dispute that Russell did not obtain actual knowledge of her displacement by Native Alaskan male candidates until 1985. However, upon being told that she was a "minority bump" from the police academy class, she had notice of facts "sufficient to prompt a person of average prudence to inquire," and thus should be deemed to have notice of all facts which reasonable inquiry would disclose.[13] *Vigil v. Spokane County*, 42 Wash.App. 796, 714 P.2d 692, 695 (1986). Although Russell contends that she could not have known of the alleged discrimination until 1985 due to the protected status of the Municipality's personnel records, her action in filing administrative complaints in 1984 and 1985 concerning her denial of admission to the academy attest to her awareness of the existence of the alleged discrimination before the expiration of the two-year limitations period (if deemed to commence in 1983).[14] Russell does not allege that she discovered any new facts between the date of the denial in 1983 and the date of these filings, or between 1983 and the date of filing this action, that caused her to delay.

Additionally, we hold that Russell's claims of fraudulent concealment by the Municipality of facts supporting her cause of action are without merit. "[A] party who fraudulently conceals from a plaintiff the existence of a cause of action may be estopped to plead the statute of limitations if the plaintiff's delay in bringing suit was occasioned by reliance on the false or fraudulent representation."[15] The settled rule is that the mere failure by a person to disclose a fact concerning a cause of action which arises against him does not suffice to toll the statute unless the defendant owed a duty of disclosure.[16]

Establishment of estoppel generally requires the party seeking to assert it to show "that the other party made some misrepresentation, or false statement, or acted fraudulently, and that he reasonably relied on such acts or representations ... and due to such reliance did not institute suit timely."[17] Although "there can be circumstances where an inaction or silence combined with acts or representations can give rise to an appropriate situation calling for the application of the estoppel doctrine," *id.* at 632 n. 25, a plaintiff generally cannot invoke estoppel unless he has exercised due diligence in attempting to uncover the concealed facts.[18]

---

ment, the court must draw all reasonable inferences in favor of the nonmoving party, *Clabaugh v. Bottcher*, 545 P.2d 172, 175 n. 5 (Alaska 1976), and may grant summary judgment only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Alaska R.Civ.P. 56(c).

**12.** *Bookman*, 657 P.2d at 831.

**13.** *Cf. Paredes v. Nagle*, 27 F.E.P. Cases 1345 (D.D.C.1982) (time for filing EEOC complaint begins running when the plaintiff obtains information that gives him a "reasonable suspicion" that he has been the victim of discrimination).

**14.** *See supra* note 4.

**15.** *Sharrow*, 658 P.2d at 1333 (quoting *Chiei v. Stern*, 561 P.2d 1216, 1217 (Alaska 1977)).

**16.** *See, e.g., Richman v. United States*, 709 F.2d 122, 123 (1st Cir.1983) ("The mere failure of a wrongdoer to disclose his wrongdoing, where no fiduciary relation exists, is not a fraudulent concealment of the cause of action....") (quoting *Norwood Trust Co. v. Twenty-Four Fed. St. Corp.*, 295 Mass. 234, 3 N.E.2d 826, 828 (1936));

*Chicago Park Dist. v. Kenroy, Inc.*, 58 Ill.App.3d 879, 15 Ill.Dec. 887, 892, 374 N.E.2d 670, 675 (1978) (mere silence of defendant and mere failure of plaintiff to learn of cause of action do not amount to fraudulent concealment which prevents operation of statute of limitations) *aff'd in part, rev'd in part on other grounds*, 78 Ill.2d 555, 37 Ill.Dec. 291, 402 N.E.2d 181 (1980); Annotation, *What Constitutes Concealment Which Will Prevent Running of Statute of Limitations*, 173 A.L.R. 576, 585–88 (1948).

**17.** *Groseth*, 421 P.2d at 632 n. 23.

**18.** *See, e.g., Keating v. Carey*, 706 F.2d 377, 382 (2d Cir.1983); *Conerly v. Westinghouse Elec.*, 623 F.2d 117, 120 (9th Cir.1980); *Lingar v. Harlan Fuel Co.*, 298 Ky. 216, 182 S.W.2d 657 (1944) ("[O]ne may not avail himself of readily accessible sources of information concerning particular facts, and thereafter plead as an estoppel the silence of another who has been guilty of no act calculated to induce the party claiming ignorance to refrain from investigating."). *See generally* Annotation, *Fraud, Misrepresentation or Deception as Estopping Reliance*

■ The record in this case demonstrates that this is not an appropriate case for application of estoppel based on the Municipality's failure to disclose facts surrounding Russell's discrimination claim. Russell grounds her allegation of concealment on the Anchorage Municipal Code provisions which exempt personnel files from the general requirement that the Municipality make its records open to public inspection. *See* Anch.Mun.Code §§ 3.90.-030, .040(B). Russell alleges no affirmative acts or representations by the Municipality on which she reasonably relied in refraining from bringing suit until 1986. Nothing in her complaint, affidavit, or memorandum filed in opposition to the Municipality's motion to dismiss suggests that she even sought to obtain any additional information from municipal officials concerning the denial of admission to the police academy once she learned that she was a "minority bump." In the absence of a request from Russell for additional information, the Municipality was not under a duty to bring to Russell's attention facts concerning the characteristics or qualifications of other employment applicants.

AFFIRMED.

*on Statute of Limitations,* 43 A.L.R. 3d 429     (1972).